UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PLANET BEACH FRANCHISING CORPORATION | * * | CIVIL ACTION NO.: |
| | * | SECTION: |
| VERSUS | * * | |
| | * | MAGISTRATE: |
| FISHER & ZUCKER, L.L.C., JEFFREY ZUCKER AND LANE FISHER | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes, Plaintiff Planet Beach Franchising Corporation (hereinafter referred to as "Planet Beach"), who moves this Honorable Court for an entry of judgment in its favor against Fisher & Zucker, L.L.C., Mr. Jeffrey Zucker and Mr. Lane Fisher (hereinafter referred to as "Defendants"). In support of such Complaint, Planet Beach avers as follows:

## NATURE OF ACTION AND JURISDICTION

1.

This is a civil action seeking damages and injunctive relief against Defendants for violations of the Pennsylvania Rules of Professional Conduct arising to legal malpractice and breach of contract.

2.

The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332 as the parties in this matter are citizens of different states and the matter in controversy exceeds the sum of seventy-five thousand ($75,000.00) dollars exclusive of interest and costs.

1

3.

This Court has personal jurisdiction over Defendants as sufficient minimum contacts with the state of Louisiana exists. Defendants market and provide legal services to Louisiana businesses, including but not limited to, Planet Beach.

4.

This Court is the appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391 as the Eastern District of Louisiana is where a substantial part of the events giving rise to the claims occurred.

5.

Individual defendants, Jeffrey Zucker and Lane Fisher, are duly admitted to practice law in the state of Pennsylvania. Defendant Fisher & Zucker, L.L.C. is a professional corporation of attorneys at law all of which are duly admitted to practice law in the state of Pennsylvania. Pursuant to Louisiana Civil Code article 3515, this matter is governed by the laws of Pennsylvania. The laws of Pennsylvania have the greatest connection to the causes of action in this matter as the state of Pennsylvania has the greatest interest in governing the conduct of the lawyers licensed to practice in that state.

## PARTIES

6.

Plaintiff, Planet Beach is a Louisiana corporation with its principal place of business in the Eastern District of Louisiana.

7.

Made defendant herein is Fisher & Zucker, L.L.C., a Pennsylvania limited liability company with its principal place of business located at 21 S 21st Street, Philadelphia, Pennsylvania 19103.

8.

Made defendant herein is Jeffrey Zucker, a resident of the state of Pennsylvania and an attorney at the law firm, Fisher & Zucker, L.L.C.

9.

Made defendant herein is Lane Fisher, a resident of the state of Pennsylvania and an attorney at the law firm, Fisher & Zucker, L.L.C.

## FACTS

10.

Planet Beach is a tanning spa franchise business that has approximately three hundred and eighty (380) stores worldwide.

11.

Planet Beach retained Fisher & Zucker, L.L.C. to provide advice on legal matters pertaining to the franchise in 2002.

12.

Defendants provided a wide variety of legal services to Planet Beach for approximately six years for which Defendants were paid approximately five hundred thousand ($500,000.00) dollars on an hourly basis. These services included, but was not limited to, preparation of franchise agreements, franchise regulatory matters, trademark registrations, licensing agreements, and resolution of disputes with franchisees.

13.

During the time period of representation, information regarding Planet Beach's franchise agreements, business paradigm, trade secrets and other confidential information was conveyed to the Defendants. Planet Beach's management routinely and openly discussed every aspect of its business with the Defendants. There is no doubt that during this time period of representation that Planet Beach openly divulged and disclosed privileged information to the Defendants.

14.

In October of 2007, Mr. Stephen P. Smith, the CEO and President of Planet Beach, attended a trade show where he surprisingly found defendant, Mr. Lane Fisher also in attendance. When Mr. Smith inquired as to why Mr. Fisher was also attending the trade show, Mr. Smith was informed that the Defendants, Zucker & Fisher, L.L.C., and/or Mr. Fisher and Mr. Zucker individually, had acquired an ownership interest in Sunset Tan which is/was a direct competitor of Planet Beach. Mr Smith was also informed that the Defendants were providing legal representation to a direct competitor Sunset Tan.

15.

Competitor Sunset Tan employs a tanning salon franchise sales model that is nearly identical to the one that is/was employed by Planet Beach.

16.

Prior to the conversation between Mr. Zucker and Mr. Smith at the trade show, Planet Beach was not informed of, and had no idea that, Zucker & Fisher, L.L.C., and/or Mr. Fisher and Mr. Zucker individually, held an ownership interest and legally represented direct competitor Sunset Tan. Neither the conflicting representation, nor the acquisition of the ownership interest in a direct competitor, had been disclosed or discussed with Mr. Smith or any other

representative of Planet Beach. This relationship would not have been disclosed absent the chance encounter between Mr. Fisher and Mr. Smith.

17.

Subsequent to the trade show, Mr. Smith contacted the Defendants, who he believed to be acting as his lawyers, on numerous occasions in an effort to determine the extent of the relationship between the Defendants and Sunset Tan seeking advice in an effort to determine whether there was in fact an irreconcilable conflict of interest in Defendants' representation of both Planet Beach and direct competitor Sunset Tan. Mr. Fisher and Mr. Zucker repeatedly stated to Mr. Smith by email and in phone conversations that no conflict existed in Defendants continued legal representation of directly competitive clients - Planet Beach and Sunset Tan - and/or in Defendants' ownership interest in competitor Sunset Tan. During this period, the Defendants owed Mr. Smith and Planet Beach a fiduciary duty to advise him truthfully even to the extent that it was against the personal and/or pecuniary interest.

18.

Mr. Smith on numerous occasions inquired as to why defendants Mr. Zucker and Mr. Fisher had not disclosed the ownership interest and legal representation of direct competitor Sunset Tan to Mr. Smith prior to the trade show. Defendants Mr. Fisher and Mr. Zucker repeatedly stated to Mr. Smith by email and in phone conversations that they did not have a duty to disclose the ownership interest in, and/or the legal representation of Sunset Tan to Mr. Smith.

19.

These discussions resulted with the termination of Defendants as legal counsel for Planet Beach.

20.

Following the termination of legal representation, disputes on alleged fees owed for work previously rendered arose between Planet Beach and Defendants. On March 31, 2009, in response to several requests by Mr. Smith and other representatives of Planet Beach for a conference call to discuss the disputed fees, Mr. Zucker responded by email that "There's nothing to discuss. I just need to know when the invoice will be paid."

21.

The defendant, Mr. Zucker sent numerous emails to Mr. Smith threatening litigation if Zucker & Fisher, L.L.C. did not immediately receive payment for amounts due for alleged work previously rendered. In these emails, and at all other times relevant hereto, the defendant, Mr. Zucker was acting in his individual capacity and in his capacity as a member and representative of the defendant, Zucker & Fisher, L.L.C.

22.

In March of 2009, Mr. Smith again expressed by email to the defendant, Mr. Zucker a concern regarding the existence of a conflict due to Zucker & Fisher, L.L.C.'s representation and ownership interest in competitor Sunset Tan. The defendant, Mr. Zucker responded, "Your statements constitute slander and trade disparagement, and if you do not immediately cease and desist from making these statements, I will sue you.... You have failed to identify any alleged conflict of interest. Lane and I do not run Sunset Tan; we are not directors or officers; we merely own a minority interest in the company....You have provided no facts which would support your illusory theories. As a result, your statements are slanderous as a matter of law, constitute trade disparagement, and are actionable. You need to cease making these statements immediately." These statements were made by and on behalf of all Defendants herein. In making these statements the Defendants breached their fiduciary duty under Pennsylvania law to advise Mr.

Smith and Planet Beach truthfully even to the extent that it was against the personal and/or pecuniary interest. Moreover, this email constitutes grossly negligent and/or wanton conduct on the part of the Defendants in an attempt to hide the fact that the Defendants had an irreconcilable conflict of interest which they failed to disclose.

## COUNT ONE:
## VIOLATIONS OF PENNSYLVANIA'S RULES OF PROFESSIONAL CONDUCT

23.

Plaintiff reiterates the allegations of paragraphs 1-22, as if specifically realleged herein.

24.

During representation of Planet Beach, Defendants violated Rule 1.6 of Pennsylvania's Rules of Professional Conduct. The dual representation of directly competitive clients – Planet Beach and Sunset Tan - created an irreconcilable infringement upon the inviolable duty of confidentiality contained in Rule 1.6. There is no mechanism to protect against improper use or exchange of confidential information between two directly-competitive clients represented by Defendants, especially when Defendants have an ownership interest in one of the competing clients.

25.

During representation of Planet Beach, Defendants violated Rule 1.7 of Pennsylvania's Rules of Professional Conduct. Rule 1.7 provides that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

1) the representation of one client will be directly adverse to another client; or
2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

26.

During representation of Planet Beach, Defendants violated Rule 1.8 of Pennsylvania's Rules of Professional Conduct. Rule 1.8 prohibits a lawyer from entering into a business transaction or acquiring an ownership, possessory, security or other pecuniary interest adverse to a client unless:

1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and,

3) the client gives informed consent in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

27.

By continuing to legally represent and have an ownership interest in Sunset Tan, Defendants are violating Rule 1.9 of Pennsylvania's Rules of Professional Conduct. Rule 1.9 provides that a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

## COUNT TWO:
## LEGAL MALPRACTICE AND BREACH OF CONTRACT

28.

Plaintiff reiterates the allegations of paragraphs 1-27, as if specifically realleged herein.

29.

Under Pennsylvania law, an action for legal malpractice may be brought in either contract or tort. With regard to a breach of contract claim, an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large. When an attorney enters into a contract to provide legal services, there automatically arises a contractual duty on the part of the attorney to render those legal services in a manner that comports with the profession at large. This duty clearly encompassed an obligation of good faith and fair dealing. It also encompassed an obligation to refrain from violating the Pennsylvania Rules of Professional Conduct.

30.

Planet Beach entered into a contract with Defendants for legal services. Defendants breached this contract with Planet Beach when Defendants began negotiating to and/or obtained an ownership interest in Planet Beach's direct competitor Sunset Tan. This breach directly caused the Plaintiff's damages which are, *inter alia*, all of the attorney fees paid to the Defendants.

31.

Defendants had a duty to render those legal services in a manner that adhered to the Pennsylvania Rules of Professional Conduct. Defendants breached this duty to Planet Beach when Defendants began negotiating to and/or obtained an ownership interest in Planet Beach's direct competitor Sunset Tan. Defendants' breach of this duty directly caused extensive damage to Planet Beach which include, *inter alia*, all of the attorney fees paid to the Defendants

32.

Defendants are licensed professionals who deviated from an acceptable professional standard and breached their fiduciary and contractual duties to Planet Beach.

32.

Defendants had a professional obligation to not only avoid the conflict described in paragraphs 10-22 above, but to also make full disclosure to Planet Beach of such a conflict. Instead, when Mr. Smith expressed a concern regarding the conflict, Mr. Smith was aggressively attacked by Defendants and Defendants stated repeatedly that no conflict existed in continued legal representation of directly competitive clients - Planet Beach and Sunset Tan - and/or in Defendants' ownership interest in competitor Sunset Tan.

33.

Defendants' actions showed a reckless indifference and wanton disregard to the rights of Planet Beach (1) by entering into a business transaction and acquiring an ownership interest with direct competitor Sunset Tan, (2) by legally representing direct competitor Sunset Tan, and (3) by failing to make full disclosure to Planet Beach of Defendants' legal representation and ownership interest in direct competitor Sunset Tan. Under Pennsylvania law, punitive damages may be awarded in legal malpractice actions for conduct that is outrageous because of Defendants' evil motives or reckless indifference to the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Planet Beach requests that after due proceedings are had, there be judgment in favor of Planet Beach granting damages in the amount of all fees paid by Planet Beach to Defendants, punitive damages, attorney's fees, costs and all other general and equitable relief, with legal interest as allowed by law.

Further Plaintiff is entitled to judgment against Defendants for a permanent injunction from performing any future legal services for direct competitor Sunset Tan and Defendants should be required to divest their ownership interest in Sunset Tan.

Finally, Plaintiff seeks any further relief which the court may deem appropriate.

Respectfully submitted,

By: _____
Jonathon B. Andry (#20081)
jandry@andrylawgroup.com
Michelle C. Purchner (#30681)
mpurchner@andrylawgroup.com
Christina M. Soileau (#30734)
csoileau@andrylawgroup.com
**The Andry Law Group, L.L.C.**
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Fax: (504) 586-8911

**Attorneys for Planet Beach Franchising Corporation.**

DATE: 4-19-11