UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CIV. ACTION NO. 2:11-CV-00915-MLCF-SS

*PLANET BEACH FRANCHISING CORP.*

*V.*

*FISHER & ZUCKER, L.L.C.*

**EXPERT REPORT AND CERTIFICATE OF MERIT AS TO LANE FISHER OF DANE S. CIOLINO**

Dane S. Ciolino
DANE S. CIOLINO, L.L.C.
18 Farnham Pl.
Metairie, LA 70005
(504) 834-8519
dciolino@gmail.com

Submitted: June 16, 2011

EXHIBIT

tabbies

A

# TABLE OF CONTENTS

TABLE OF CONTENTS........................................................... i

EXPERT REPORT AND CERTIFICATE OF MERIT OF DANE S. CIOLINO.............. 1

I.      Qualifications........................................................... 1

II.     Facts.................................................................... 2

III.    Certificate of Merit and Opinions......................................... 5

EXHIBITS

        Dane S. Ciolino Curriculum Vitae................................... Ex. 1

        Materials Reviewed................................................. Ex. 2

        Complaint, *Planet Beach Franchising Corp. v. Fisher & Zucker, L.L.C.*,
        No. 11-CV-915 (E.D. La.)........................................... Ex. 3

i

**EXPERT REPORT AND CERTIFICATE OF MERIT OF DANE S. CIOLINO**

I have been retained by Planet Beach Franchising Corporation ("Planet Beach") in connection with the matter of *Planet Beach Franchising Corp. v. Fisher & Zucker, L.L.C.*, No. 11-CV-915 (MLCF), a civil action pending in the United States District Court for the Eastern District of Louisiana. I respectfully submit this expert report and certificate of merit as to Lane Fischer in accordance with Pennsylvania Rule of Civil Procedure Rule 1042.3.

I attach my curriculum vitae, which summarizes my education, experience and other qualifications. *See* Exhibit 1. I also attach a list of documents reviewed. *See* Exhibit 2.

I.     Qualifications

I attach my curriculum vitae ("CV"), which sets forth my education, experience and other qualifications. *See* Exhibit 1. In brief, I currently serve as the Alvin R. Christovich Distinguished Professor of Law at Loyola University New Orleans School of Law. I graduated *cum laude* from Rhodes College in 1985, and *magna cum laude* from Tulane Law School in 1988, where I was inducted into Order of the Coif and served as Editor in Chief of the *Tulane Law Review*. Following law school graduation, I was employed as a law clerk for the United States District Court, Eastern District of Louisiana, then as a lawyer with Cravath, Swaine & Moore LLP, in New York City, and Stone, Pigman, Walther & Wittmann, LLC, in New Orleans.

Since joining the full-time faculty at Loyola in 1995, my teaching, scholarship, community-service and practice interests have included legal and judicial ethics. Among other courses, I teach "The Legal Profession," and "Legal Ethics Seminar."[1] I teach the BAR/BRI review course for the

---

[1]These courses focus on generally prevailing legal ethics standards and do not focus on Louisiana law.

1

nationwide Multistate Professional Responsibility Exam. I am the author of a book previously published by the Louisiana State Bar Association entitled *Louisiana Professional Responsibility Law and Practice*, and the editor of the principal legal ethics website in Louisiana, *Louisiana Legal Ethics* (www.lalegalethics.org). I have served as Reporter for the Louisiana State Bar Association Ethics 2000 Committee, as a member of the Louisiana State Bar Association Board of Governors, the Louisiana State Bar Association Committee on Lawyer Conduct, the Louisiana State Bar Association Ethics Advisory Service Committee and the Louisiana State Bar Association Professionalism Committee. I have served as a hearing committee chairperson of the Louisiana Attorney Disciplinary Board. I currently engage in the part-time practice of law, with a concentration on the law governing lawyers and judges. I am a member in good standing of the United States Supreme Court Bar, the Louisiana State Bar, the New York State Bar, and various federal courts situated in Louisiana and New York.

My CV lists all publications that I have authored, and all other matters in which I have testified as an expert at trial, in deposition or by formal expert report. *See id.* My rate of compensation for study and testimony in this matter is $300.00 per hour.

II.     Facts

Planet Beach Franchise Corporation ("Planet Beach") is a company based in Marrero, Louisiana that is engaged in the franchising of tanning spas throughout the world. Steven P. Smith is the President and Chief Executive Officer of Planet Beach.

Planet Beach has developed a variety of unique operational structures and business practices related to tanning spa franchise sales, including recruiting techniques, programs for growing

2

EXPERT REPORT AND CERTIFICATE OF MERIT OF DANE S. CIOLINO

individual salon sales, the use of brokers and the creation of a unique reciprocation membership program that was successful in building the membership base of individual franchisers. These unique and proprietary business practices have resulted in the successful expansion of the Planet Beach franchise system. Indeed, Planet Beach is now the leading franchiser in the tanning spa industry, boasting approximately 380 stores worldwide.

In 2002, Planet Beach retained the law firm of FisherZucker, L.L.C. ("FZ"), of Philadelphia, Pennsylvania as its legal counsel. Although FZ had no knowledge or experience in the tanning industry, it was well-known for its expertise in franchising law in general. From 2002 through 2008, FZ advised Planet Beach on a wide range of legal matters, including matters related to Planet Beach's franchise agreements, regulatory issues under the auspices of the Federal Trade Commission, and litigation with Planet Beach franchisees. Over the years, Planet Beach paid FZ approximately $500,000.00 in fees and costs.

To facilitate FZ's representation, Planet Beach shared extensive confidential and proprietary business information with the firm, including information relating to Planet Beach's unique operational structures and business practices.[2] Planet Beach presumed that FZ would protect the privileged and confidential nature of this information. Indeed, protecting the confidentiality and proprietary nature of Planet Beach's business methods and practices was so important to Planet Beach that it engaged FZ to draft the following language for its "Franchising Corporation Single-Unit Franchise Agreement":

---

[2] I note that FZ vigorously contests the nature and extent of confidential information disclosed to it by Planet Beach. *See, e.g.,* DSC00014.

3

Through the expenditure of money, time, and effort, Planet Beach has developed a distinct and proprietary method business format for the operation of tanning spas (the "System") distinguishing characteristics of which include proprietary operating procedures and standards and specifications for products and services, as amended from time to time at Planet Beach's sole discretion.

The System is identified by proprietary trademarks, service marks, trade dress, logos, and other indicia of origin, including, without limitation, the trade name and service mark "Planet Beach" (the "Proprietary Marks").

In October 2007, Planet Beach discovered that FZ was engaged in activity that Planet Beach believed threatened the confidential and proprietary nature of information previously shared with FZ. More particularly, Planet Beach learned not only that FZ had undertaken the *representation* of a direct competitor, Sunset Tan (a California based tanning spa franchiser), but also that FZ had obtained an *ownership* interest in Sunset Tan.[3] FZ never disclosed these facts to Planet Beach prior to undertaking the representation and ownership of Sunset Tan, and never obtained Planet Beach's informed consent. In November 2007, FZ executed a "Confidential Disclosure Agreement" relating to Planet Beach's confidential and proprietary information. *See* DSC00051. FZ vigorously denies that it has disclosed or used confidential information for the benefit of Sunset Tan. *See, e.g.,* DSC00010-11; DSC00015-16.

On April 19, 2011, Planet Beach filed suit against FZ, Jeffrey Zucker ("Zucker"), and Lane Fisher ("Fisher"). *See* Ex. 3 (DSC00023). In this suit, Planet Beach alleges, among other things, that

---

[3]Apparently, FZ's ownership interest is through an investment company, FZ Investments, LLC, which holds a passive, 5% interest in a Sunset Tan limited partnership. *See* DSC00010. The business of Sunset Tan is operated by a limited liability company which is the general partner in the relevant limited partnership.

4

FK, Zucker and Fisher violated the Pennsylvania Rules of Professional Conduct, committed breach of contract and engaged in legal malpractice.

III.    Certificate of Merit and Opinions

In my opinion,[4] there exists a reasonable probability that the care, skill or knowledge exercised or exhibited by FZ, Jeffrey Zucker and Lane Fisher, in the treatment, practice or work that is the subject of Planet Beach's complaint,[5] fell outside acceptable professional standards and that such conduct was a cause in bringing about harm to Planet Beach. For purposes of my opinions, the standards of care applicable to the defendants' conduct are governed by Pennsylvania law. The choice-of-law provisions of the Louisiana Rules of Professional Conduct, *see* Louisiana Rule 8.5(b), and the Pennsylvania Rules of Professional Conduct or Pennsylvania law, *see* Pennsylvania Rule 8.5(b), both call for application of "the rules of the jurisdiction in which the lawyer's conduct occurred." Here, the defendants' conduct occurred in Pennsylvania.[6]

The standards of care applicable to FZ, Zucker and Fisher (collectively "the defendants"), required the defendants to preserve the confidentiality of information relating to the representation of Planet Beach, and to refrain from using that information to the disadvantage of Planet Beach. *See*

---

[4] For purposes of my opinions in this report and certification, I assume the truth of the factual allegations in the plaintiff's complaint. I note that there is significant disagreement between the party plaintiff and parties defendants as to the facts underlying the plaintiff's complaint. I am not the finder of fact.

[5] I attach Planet Beach's complaint in the matter of *Planet Beach Franchising Corp. v. Fisher & Zucker, L.L.C.*, as Exhibit 3, and incorporate it herein by reference. *See* DSC00023.

[6] I note that the relevant standards in Louisiana and Pennsylvania are identical to one another and to the ABA Model Rules of Professional Conduct.

<u>EXPERT REPORT AND CERTIFICATE OF MERIT OF DANE S. CIOLINO</u>

LOUISIANA RULES OF PROFESSIONAL CONDUCT Rule 1.6(a) (hereinafter "Louisiana Rules"); *id.* Rule

1.8(b); PA. RULES OF PROFESSIONAL CONDUCT 1.6(a) (hereinafter "Pennsylvania Rules"); *id.* Rule

1.8(b). To the extent that the defendants have disseminated Planet Beach's confidential information,

or used that information to the disadvantage of Planet Beach, the defendants breached the applicable

standard of care.

In addition, the standard of care required the defendants to avoid concurrent conflicts of

interests. "A concurrent conflict of interest exists if: (1) the representation of one client will be

directly adverse to another client; or (2) there is a significant risk that the representation of one or

more clients will be materially limited by the lawyer's responsibilities to another client, a former

client or a third person or by a personal interest of the lawyer." *See* Louisiana Rule 1.7(a);

Pennsylvania Rule 1.7(a). The simultaneous representation of economically adverse clients in

unrelated matters generally does present a direct-adversity conflict. However, Fisher and Zucker's

representation of and personal economic interest in Planet Beach's direct competitor Sunset Tan

went far beyond simply representing an economically adverse competitor. Sunset Tan is a direct

competitor whose business model is nearly identical to that employed by Planet Beach. *See*

DSC00026. Fisher and Zucker also presumably had a personal economic interest in Sunset Tan

obtaining business to the exclusion of Planet Beach. In my opinion, this presented a significant risk

that the defendants' representation of Planet Beach was materially limited by the interests of Sunset

Tan, and by their personal economic interests.

Finally, to the extent that the defendants' conduct breached the applicable standard of care,

it is my opinion that this breach resulted in harm to Planet Beach. More particularly, any such breach

EXPERT REPORT AND CERTIFICATE OF MERIT OF DANE S. CIOLINO

caused Planet Beach to pay fees and costs to the defendants for a representation that was tainted by

a conflict of interest and that otherwise failed to comply with the applicable standard of care. Put

another way, any such breach by the defendants caused Planet Beach to suffer harm because the

defendants received and retained a benefit that should have inured to Planet Beach.

Submitted on June 16, 2011,

Dane S. Ciolino
DANE S. CIOLINO, L.L.C.
18 Farnham Pl.
Metairie, Louisiana 70005
(504) 834-8519
dciolino@gmail.com

7

# EXHIBIT 1

*Dane S. Ciolino Curriculum Vitae*

# DANE S. CIOLINO

LOYOLA LAW SCHOOL
526 PINE STREET
NEW ORLEANS, LOUISIANA 70118

TELEPHONE: (504) 834-8519
E-MAIL: DCIOLINO@LOYNO.EDU
WEB SITE: WWW.LOYNO.EDU/~DCIOLINO

## EDUCATION

TULANE UNIVERSITY LAW SCHOOL, *New Orleans, Louisiana*
J.D., *magna cum laude*, 1988
Editor in Chief, *Tulane Law Review*
Order of the Coif
Winner, Maritime Law Center Writing Competition

RHODES COLLEGE, *Memphis, Tennessee*
B.A., *cum laude*, 1985
Recipient, Political Science Department Award
President, Sigma Alpha Epsilon Fraternity

## EMPLOYMENT

LOYOLA LAW SCHOOL, *New Orleans, Louisiana*
Alvin R. Christovich Distinguished Professor of Law, 2002-present
Professor of Law, 2002
Associate Professor of Law, 1998-2002 (Tenured 2001)
Assistant Professor of Law, 1997-1998
Visiting Assistant Professor of Law, 1995-1997
Adjunct Instructor of Law, 1992-1995

TULANE LAW SCHOOL, *New Orleans, Louisiana*
Visiting Professor of Law, 2005
Visiting Professor of Law, 2002

STONE, PIGMAN, WALTHER & WITTMANN, LLC, *New Orleans, Louisiana*
Associate, 1991-1995
*Areas of Practice*: Commercial Litigation, Intellectual Property, Criminal Law

CRAVATH, SWAINE & MOORE, LLP, *New York, New York*
Associate, 1989-1991
Consultant, 2005-2006
*Areas of Practice*: Commercial Litigation, Intellectual Property

UNITED STATES DISTRICT COURT, *New Orleans, Louisiana*
Law Clerk to Honorable Peter H. Beer, 1988-89

**EXHIBIT**

**1**

## PUBLICATIONS

Louisiana Legal Ethics Weblog (http://lalegalethics.org/) (Dane S. Ciolino, ed. & admin.)

Dane S. Ciolino & Monica Hof Wallace, *Recodifying Emancipation: A Précis of the 2009 Revision of Louisiana Emancipation Law*, 56 LOYOLA L. REV. 135 (2010)

Dane S. Ciolino, *Managing the Perils of Lawyer Social Networking*, ABA SECTION OF LITIGATION, COMMITTEE ON ETHICS & PROFESSIONALISM, 2010 ANNUAL REVIEW (2010)

Sandra S. Varnado & Dane S. Ciolino, *Reconsidering Lawyers' Ethical Obligations in the Wake of a Disaster*, 19 THE PROFESSIONAL LAWYER 8 (2009)

DANE S. CIOLINO, LOUISIANA PROFESSIONAL RESPONSIBILITY LAW & PRACTICE (3d ed. 2007)

Dane S. Ciolino, *Lawyer Ethics Reform in Perspective: A Look at the Louisiana Rules of Professional Conduct Before and After Ethics 2000*, 65 LA. L. REV. 536 (2005)

Dane S. Ciolino, *Redefining Professionalism as Seeking*, 49 LOY. L. REV. 229 (2003)

Dane S. Ciolino & Erin A. Donelon, *Questioning Strict Liability in Copyright*, 54 RUTGERS L. REV. 351 (2002)

Dane S. Ciolino, *Why Copyrights Are Community Property (Sort Of): Through the* Rodrigue v. Rodrigue *Looking Glass*, 47 LOY. L. REV. 631 (2001)

Dane S. Ciolino, *Why Copyrights Are Not Community Property*, 60 LA. L. REV. 127 (1999)

Dane S. Ciolino, *Reconsidering Restitution in Copyright*, 48 EMORY L.J. 1 (1999)

Dane S. Ciolino, *Rethinking the Compatibility of Moral Rights and Fair Use*, 54 WASH. & LEE L. REV. 33 (1997)

Dane S. Ciolino, *The Mental Element of Louisiana Crimes: It Doesn't Matter What You Think*, 70 TUL. L. REV. 855 (1996)

Dane S. Ciolino, *Moral Rights and Real Obligations: A Property-Law Framework for the Protection of Authors' Moral Rights*, 69 TUL. L. REV. 935 (1995)

Dane S. Ciolino & Gary R. Roberts, *The Missing Direct-Tender Option in Federal Third-Party Practice: A Procedural and Jurisdictional Analysis*, 68 N.C.L. REV. 423 (1990)

Dane S. Ciolino, Casenote, Lafleur v. John Deere Co.: *Recovery of Nonpecuniary Damages in Redhibitory Actions*, 61 TUL. L. REV. 704 (1987)

## TEACHING

*Law School: Principal Courses*

> The Legal Profession (legal ethics), Trial Advocacy, Contracts, Criminal Law & Procedure

*Law School: Other Courses*

> Business Organizations I & II, Contracts I & II, Common Law Contracts for Civil Law Students, Comparative Law, Computer Law, Copyright Law, Criminal Law Clinic, Criminal Law Seminar, Constitutional Criminal Procedure, Civil Law of Persons, Civil Law of Community Property, Civil Law of Property, Introduction to Law and Legal Methods, Legal Ethics Seminar, International Copyright Law, Law & Poverty, Professional Seminar in Practical Lawyering, Professional Seminar in Storytelling, Litigation and Law Office Management

*Bar Review*

> Instructor, BAR/BRI Bar Review Course (legal ethics and professional responsibility law), 2006-present

> Instructor, BAR/BRI Louisiana Bar Review Course (criminal law, evidence and criminal procedure), 2005-present

> Instructor, BAR/BRI Louisiana Bar Review Course (Louisiana property law, family law, community-property law), 1995-2005

> Instructor, LSU Law Center Bar Review Course (Louisiana family law), 1999-2002

## COMMUNITY SERVICE

Associate Executive Director, Louisiana Association of Defense Counsel, 2009-present

Member, American Law Institute, 2003-present

Chair, Lawyer Disciplinary Committee, United States District Court for the Eastern District of Louisiana

Member, Ochsner Clinic Foundation, Bioethics Committee, 2009-present

Legal Analyst, WWL-TV (New Orleans) and Other National, State and Local Media, 1998-present

Reporter, United States District Court for the Eastern District of Louisiana Committee on Revising Attorney Disciplinary Procedures, 2009-2011

Board Member, Louisiana Organization for Judicial Excellence, 2004-2008

Instructor, Louisiana State Bar Association Diversionary Ethics School, 1999-present

Member, Louisiana State Bar Association Codes of Conduct Committee, 1998-present

Member, Louisiana State Bar Association Professionalism Committee, 1997-2008

Member, Federal Criminal Justice Act Panel, United States District Court for the Eastern District of Louisiana (panel of attorneys accepting appointments to represent indigent defendants in federal prosecutions), 1991-present

Member, Louisiana State Bar Association Board of Governors, 2007-2009

Board Member, Orleans Parish Indigent Defender Program, 2006-2007

Reporter, Louisiana State Bar Association Ethics 2000 Committee, 1999-2004

Reporter, Louisiana State Law Institute Emancipation Committee, 2004-2008

Reporter, Louisiana State Law Institute Tutorship Procedure Committee, 2000-2009

Reporter, Louisiana State Law Institute Interdiction Committee, 1996-2002

Member, Louisiana Supreme Court Committee on the Prevention of Lawyer Misconduct, 1999-2003

Member, Louisiana State Law Institute Criminal Law Committee, 2006-present

Interim Host, *It's the Law*, Cox Cable Television New Orleans and Jefferson, December 1999-2000

Louisiana State Bar Association, Ethics Advisory Committee
        Member, 2000-2003

Reporter, 1997-2000

Council Member, Louisiana State Law Institute, 1997-2000

Louisiana Attorney Disciplinary Board
 Hearing Committee Member, 1998-1999
 Hearing Committee Chairperson, 1999-2003

Louisiana Supreme Court Bar Admissions Advisory Committee
 Member, 1997-1999
 Chairperson, 1999-2001

Director, Pro Bono Criminal Law for Civil Lawyers (two-day CLE seminar training civil lawyers to undertake pro bono criminal cases), 1995-2002

Advisory Editor, *Tulane Law Review*, 1993-2009

Member, Board of Directors, Louisiana Capital Assistance Center (public-interest organization defending capital cases for indigent clients), 1996-2006

Appointed Counsel, Orleans Parish Criminal District Court (pro bono representation of indigent defendants in first- and second-degree murder prosecutions), 1991-2008

Evaluator, American Bar Association, Central European Law Initiative, March 1999 (evaluated code of legal ethics for the Republic of Armenia)

## LOYOLA UNIVERSITY AND LAW SCHOOL SERVICE

Faculty Advisor, *Loyola Law School Honor Board*, 2002-present

Faculty Advisor, *Loyola Law Review*, 1997-2003, 2006

Faculty Advisor, *Order of the Barristers*, 1998-2003

Faculty Advisor, *Loyola Intellectual Property Law Quarterly*, 1996-2002

Faculty Advisor, *Loyola ATLA Chapter*, 1997-2002

Law School Representative, Loyola University Senate, 1997-1999

Loyola Law School Dean Search Committee
 Chairperson, 2001-2002

Member, 2000-2001

Chairperson, Loyola Law School Law Clinic Committee, 2005-2007

Chairperson, Loyola Law School Faculty Unification Committee, 2004

Chairperson, Loyola Law School Library Director Search Committee, 2000-2001

Member, Loyola University Distance Learning Committee, 2010-present

Member, Loyola Law School Technology Committee, 2010-present

Member, Loyola Law School By-Laws Committee, 2000-2001

Member, Loyola Law School Pre-Admissions Committee, 1998-1999

Member, Loyola Law School Tenure Guidelines Committee, 1998-1999

Member, Loyola Law School Library Committee, 1997-1998

Member, Loyola Law School Skills Committee, 1997–1998

Member, Loyola Law School Curriculum Committee, 1996-1997

Member, Loyola Law School Admissions Committee, 1996-1997

Member, Loyola Law School Student Recruitment and Career Services Committee, 1995-1996

## COMMUNITY HONORS

Recipient, Camille Gravelle Pro Bono Award, Federal Bar Association, New Orleans Chapter, 2007

Lawdragon 3000 (list of top American lawyers), 2006

Recipient, *Gambit Magazine*, Forty-Under-Forty Award, 2002

Recipient, Louisiana State Bar Association, President's Award, 2001

Recipient, *City Business Magazine*, Power Generation Award, 2000

Recipient, Gillis Long Poverty Law Center Public Service Award, 1997

## EXPERT WITNESS TESTIMONY[1]

*Active Solutions, L.L.C. v. Dell, Inc.*, No. 2007-3665, Civil District Court for the Parish of Orleans, State of Louisiana

*Adler v. Doyle (In re Woven Treasures, L.L.C.)*, 69 180 M 01493 07, American Arbitration Association

*AmCareco, Inc. v. Lucksinger*, No. 499,737, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

*Adamson v. Bailey*, No. 493,309, First Judicial District Court, Parish of Caddo, State of Louisiana

*American Income Life Ins. Co. v. Nicholas Matthew Nitkowski et al.*, Civ. No. 05-2228(I-3), United States District Court Eastern District of Louisiana

*Asset Funding Group, L.L.C. v. Adams and Reese, L.L.P.*, Civ. No. 07-2965, United States District Court for the Eastern District of Louisiana

*Barton v. Butler*, No. 515,473, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

*BCM, LLC and Nawlins Kajun Foods, LLC v. Cheatwood*, No. 2009-2807, Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana

*Belle Terre Lakes Home Owners Assoc. v. Patricia McGovern*, No. 41922, Fortieth Judicial District Court for the Parish of St. John the Baptist, State of Louisiana

*Bertucci v. Lafayette Ins. Co.*, No. 01-0608, Civil District Court for the Parish of Orleans, State of Louisiana

*Beevers and Beevers, LLP v. Sirgo*, No. 624-259 "B," Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

*Boudoin v. St. John the Baptist Parish School Bd.*, No. 2004-08242, Office of Workers' Compensation, State of Louisiana

---

[1]All matters in which Dane S. Ciolino has provided a public expert report, affidavit, deposition testimony or trial testimony.

*Bowes v. Clean Scene Servs., L.L.C.*, No. 661-147, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

*Campbell v. City of New Orleans*, No. 98-18633, Civil District Court for the Parish of Orleans, State of Louisiana

*CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.*, No. 09-6623 (D-4), United States District Court for the Eastern District of Louisiana

*Chalmette Payment Processing, L.L.C. v. Munson*, Civ. No. 03-1060, United States District Court for the Eastern District of Louisiana

*Chevron U.S.A., Inc. v. State of Louisiana, Louisiana State Mineral Bd. and Louisiana Dept. of Natural Resources*, No. 93,658, Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana

*Childress v. Childress*, No. 488-388, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

*Dan S. Collins, CPL & Associates v. Godchaux*, No. 84618, Fifteenth Judicial District Court for the Parish of Vermillion, State of Louisiana

*Dejean v. Koch*, No. C20093931, Superior Court of the State of Arizona, County of Pima, State of Arizona

*Domingue v. Salomon Smith Barney, Inc. & Coughlin*, No. 01-03076, NASD Dispute Resolution Arbitration, New Orleans, Louisiana

*Donovan Marine, Inc. v. Travelers Indemnity Co. of Illinois*, Civ. Action No. 09-4374 (S-3), United States District Court for the Eastern District of Louisiana, New Orleans, Louisiana

*Dougherty v. Haag*, No. 05-06993, Superior Court for the County of Orange, State of California

*Doyle v. ICNA*, Civil District Court for the Parish of Orleans, State of Louisiana

*East Jefferson General Hospital v. Stein*, No. A-081709-773, AHLA Arbitration Service, Parish of Jefferson, State of Louisiana

*Edmonds v. Williamson*, No. 2002-CV-42-R, Circuit Court of Kemper County, State of Mississippi

*Felham Enterprises (Cayman) Ltd. v. Certain Underwriters at Lloyd's, London Companies, Zurich American Ins. Co., Marine Office of Am. Corp. & Trinity Yachts, Inc.*, No. 02-3588, United States District Court for the Eastern District of Louisiana

*Foley & Lardner, LLP v. Kenneth G. Daniels, LLC*, Adv. No. 05-01003, United States Bankruptcy Court for the Middle District of Louisiana

*Forbes v. St. Martin*, Civ. Action No. C2401 01 1745(2), Chancery Court, First Judicial District Court, Harrison County, Mississippi

*Forbis v. Int'l Health Care Properties, X, Ltd.*, 97-CI-03198, Jefferson Circuit Court, State of Kentucky

*Furie Petroleum Co., L.L.C. v. Tower Hill Energy Co., L.L.C.*, No. 09-927, United States District Court for the Western District of Louisiana, Shreveport Division

*Gauthier, Houghtaling & Williams L.L.P. v. Safeguard Storage Properties LLC*, Civ. Action No. 08-0627 (H), Civil District Court for the Parish of Orleans, State of Louisiana

*Gill v. Becnel*, No. G2001-1199 R/1, Chancery Court for the First Judicial District, Hinds County, State of Mississippi

*Glynn v. Sylvester*, No. 228080, Ninth Judicial District Court for the Parish of Rapides, State of Louisiana

*Harry Bourg Corp. vs. Exxon Mobil Corp.*, No. 140,749 ("E"), Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana

*Haynes v. Williamson*, No. 3:05cv186-HTW-JCS, United States District Court for the Southern District of Mississippi, Jackson Division

*Hebert v. Avery*, No. 2001-16561, Civil District Court for the Parish of Orleans, State of Louisiana

*Hunter & Blazier v. Logan*, No. 2007-1873, Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana

*Hydroflame Production, L.L.C. v. Hydroflame Technologies, L.L.C.*, No. 2011-3095(K), Civil District Court, Parish of Orleans, State of Louisiana

*In re American International Refinery, Inc.*, No. 04-21331, United States Bankruptcy Court, Western District of Louisiana, Lake Charles Division

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179, United States District Court for the Eastern District of Louisiana

*In re Impeachment of United States District Judge G. Thomas Porteous, Jr.*, The Senate of the United States

*In re Petition to Accord Immigrant Classification to Timothy Gray Cameron, Esq., as an Alien of Extraordinary Ability*, United States Department of Homeland Security, United States Citizenship and Immigration Services

*In re Confidential Respondents*, 04-DB-005, Louisiana Attorney Disciplinary Board

*In re Succession of Marion Roberts*, No. 96-2904(F), Civil District Court for the Parish of Orleans, State of Louisiana

*In re Zyprexa Products Liability Litigation*, MDL No. 1596, United States District Court for the Eastern District of New York

*La Casa Castro, S.A. de C.V. v. Greenberg Traurig, P.A., Roberto Martinez and Pedro J. Martinez-Fraga*, Civ. Action No. 09-6663(F-2), United States District Court for the Eastern District of Louisiana

*Leon v. Wilson*, No. 96-14608(F), Civil District Court for the Parish of Orleans, State of Louisiana

*Liberty Mutual Ins. Co. v. Jotun Paints, Inc. & Jotun, Inc.*, Civ. Action No. 07-3114, United States District Court for the Eastern District of Louisiana

*Logan v. Hit or Miss, L.L.C.*, Civil Action No. 6:07-CV-1116 LO, United District Court for the Western District of Louisiana

*Louisiana State Bar Association v. Carr and Associates, Inc.*, No. 2006-14440, Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

*Maxim v. Progressive Security Ins. Co.*, No. 229-677-G, Ninth Judicial District Court for the Parish of Rapides, State of Louisiana

*Molaison v. Lukinovich*, No. 623-026 (C), Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana

*Oliver v. Orleans Parish School Board*, No. 2005-12244 (N), Civil District Court, Parish of Orleans, State of Louisiana

*Oreck Direct, LLC v. Dyson, Inc.*, Civ. Action No. 07-2744, United District Court for the Eastern District of Louisiana

*Planet Beach Franchising Corp. v. Fisher & Zucker, L.L.C.*, No. 11-CV-915 (MLCF), United States District Court for the Eastern District of Louisiana

*Provosty v. ARC Construction, LLC*, No. 08-3671 "J", Civil District Court for the Parish of Orleans, State of Louisiana

*Read v. Read*, No. 2000-15283(E), Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

*Reuther v. Smith*, No. 2001-18124, Civil District Court for the Parish of Orleans, State of Louisiana

*Shane v. Frost Brown Todd, LLC*, No. 08-CI-10428, Jefferson Circuit Court, Division Eight, State of Kentucky

*Shinn Enterprises, Inc. & GIS Sports of Nevada, Inc. v. Capella*, No. 2005-12352, Civil District Court for the Parish of Orleans, State of Louisiana

*Sigma Delta, L.L.C. v. Eric R. George, M.D.,* Civ. No. 07-5427, United States District Court for the Eastern District of Louisiana

*Spahr v. Dallam*, No. 98-5840, Civil District Court for the Parish of Orleans, State of Louisiana

*Southern Scrap Material Co., L.L.C. v. Fleming*, Civ. No. 01-2544, United States District Court for the Eastern District of Louisiana

*Stanley v. Trinchard*, Civ. No. 02-1235, United States District Court for the Eastern District of Louisiana

*State of Louisiana v. Danny Galindo*, No. 455-170 (F/L), Criminal District Court for the Parish of Orleans

*State of Louisiana v. Khristopher Kyzar*, No. 11-05-0461, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

*State of Louisiana v. Robert "Bob" Odom*, No. 08-02-547, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

*State of Louisiana v. Ricky Langley*, No. 10258-02, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

*State of Louisiana v. Terryance Russel*, No. 375-503, Criminal District Court for the Parish of Orleans, State of Louisiana

*State of Louisiana v. Robert Wilkins*, No. 04- 19337, 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana

*Sturlese v. J.B. Jones, Jr.*, No. 10-16390, Thirty-Eighth Judicial District Court, Parish of Cameron, State of Louisiana

*Succession of Marguerite Nell Riggs Griffin*, No. 646-584, Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana

*Tessier v. Moffatt*, No. 98-CV-00116, United States District Court for the Eastern District of Louisiana

*Usner v. Carol A. Newman, APLC*, No. 09-08223, Civil District Court for the Parish of Orleans, State of Louisiana

*Waggoner v. Williamson*, No. 03-KV-0151-J, Circuit Court of Adams County, State of Mississippi

*Waste Management of Louisiana, L.L.C. v. Penn-America Insurance Co.*, No. 2006-2452, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

*Williams v. Williamson*, No. 4:03-CV-88LN, United States District Court for the Southern District of Mississippi

*Washington v. Williamson*, No. 251-05-112 CIV, Circuit Court of Hinds County, State of Mississippi

*United States v. Edwin Edwards*, Crim. No. 98-165-B-M2, United States District Court for the Middle District of Louisiana

*United States ex rel. William St. John LaCorte v. Merck & Co., Inc.*, No. 99-03807, United States District Court for the Eastern District of Louisiana

**OTHER**

*Personal*

Age 47

Married to Wendy Dehan Ciolino

Three Children: Hale (19), Price (17) & Camille (12)

*Bar Admissions*

Supreme Court of the United States
State of Louisiana
State of New York
United States Court of Appeals for the Fifth Circuit Court
United States District Court for the Eastern District of Louisiana (New Orleans)
United States District Court for Western District of Louisiana (Shreveport)
United States District Court for the Southern District of New York (New York City)

*Dated*: June 16, 2011

# EXHIBIT 2

*Materials Reviewed*

## Documents Reviewed

6/16/2011 1:21 PM

| Date | Full Name | Pages | Short Name |
|------|-----------|-------|------------|
| Fri 05/31/2002 | 2002-05-31 Fischer & Zucker Engagement Agreement with Planet Beach | 3 | DSC00046 |
| Mon 10/22/2007 | 2007-10-22 Diaz-Smith Emails re Need for Nondisclosure Agreement | 1 | DSC00049 |
| Fri 11/02/2007 | 2007-11-02 Diaz Email with Confidential Disclosure Agreements | 17 | DSC00050 |
| Thu 04/09/2009 | 2009-04-09 Diaz Email to Smith with Draft of Email from Smith to Zucker re Concerns | 1 | DSC00067 |
| Mon 04/13/2009 | 2009-04-13 Smith Email to Zucker re Concerns | 1 | DSC00068 |
| Thu 05/07/2009 | 2009-05-07 Diaz-Andry Emails re Sunset Tans Issues | 5 | DSC00069 |
| Tue 06/02/2009 | 2009-06-02 Diaz Email to Andry re Proprietary Information Shared with Zucker | 1 | DSC00074 |
| Mon 11/16/2009 | 2009-11-16 Uddo Complaint to PA ODC re Fischer | 4 | DSC00001 |
| Mon 11/23/2009 | 2009-11-23 PA ODC Acknowledgment of Receipt of Uddo Complaint | 2 | DSC00040 |
| Thu 12/17/2009 | 2009-12-17 PA ODC Closure Letter | 3 | DSC00037 |
| Wed 01/20/2010 | 2010-01-20 Uddo Letter to Planet Beach re PA ODC Dismissal | 1 | DSC00042 |
| Mon 03/01/2010 | 2010-03-01 Uddo Letter to PA ODC Requesting Review of Dismissal | 2 | DSC00043 |
| Mon 03/15/2010 | 2010-03-15 PA ODC Letter to Uddo re Reassignment for Review of Dismissal | 1 | DSC00045 |
| Tue 10/19/2010 | 2010-10-19 PA ODC Fax Attaching Fischer Initial Response to Complaint | 13 | DSC00005 |
| Wed 02/02/2011 | 2011-02-02 Uddo Letter to PA ODC Replying to Fischer Initial Response to Complaint | 5 | DSC00018 |
| Tue 04/19/2011 | 2011-04-19 Complaint in Planet Beach v. Fischer & Zucker, LLC | 11 | DSC00023 |
| Tue 04/19/2011 | 2011-04-19 PA ODC Closure Letter | 3 | DSC00034 |



EXHIBIT
2

# EXHIBIT 3

*Complaint*

DSC00023

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PLANET BEACH FRANCHISING CORPORATION | * | CIVIL ACTION NO.: |
| | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| FISHER & ZUCKER, L.L.C., | * | |
| JEFFREY ZUCKER AND LANE FISHER | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes, Plaintiff Planet Beach Franchising Corporation (hereinafter referred to as "Planet Beach"), who moves this Honorable Court for an entry of judgment in its favor against Fisher & Zucker, L.L.C., Mr. Jeffrey Zucker and Mr. Lane Fisher (hereinafter referred to as "Defendants"). In support of such Complaint, Planet Beach avers as follows:

## NATURE OF ACTION AND JURISDICTION

1.

This is a civil action seeking damages and injunctive relief against Defendants for violations of the Pennsylvania Rules of Professional Conduct arising to legal malpractice and breach of contract.

2.

The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332 as the parties in this matter are citizens of different states and the matter in controversy exceeds the sum of seventy-five thousand ($75,000.00) dollars exclusive of interest and costs.

EXHIBIT
**3**

1

3.

This Court has personal jurisdiction over Defendants as sufficient minimum contacts with the state of Louisiana exists. Defendants market and provide legal services to Louisiana businesses, including but not limited to, Planet Beach.

4.

This Court is the appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391 as the Eastern District of Louisiana is where a substantial part of the events giving rise to the claims occurred.

5.

Individual defendants, Jeffrey Zucker and Lane Fisher, are duly admitted to practice law in the state of Pennsylvania. Defendant Fisher & Zucker, L.L.C. is a professional corporation of attorneys at law all of which are duly admitted to practice law in the state of Pennsylvania. Pursuant to Louisiana Civil Code article 3515, this matter is governed by the laws of Pennsylvania. The laws of Pennsylvania have the greatest connection to the causes of action in this matter as the state of Pennsylvania has the greatest interest in governing the conduct of the lawyers licensed to practice in that state.

## **PARTIES**

6.

Plaintiff, Planet Beach is a Louisiana corporation with its principal place of business in the Eastern District of Louisiana.

2

DSC00025

7.

Made defendant herein is Fisher & Zucker, L.L.C., a Pennsylvania limited liability company with its principal place of business located at 21 S 21st Street, Philadelphia, Pennsylvania 19103.

8.

Made defendant herein is Jeffrey Zucker, a resident of the state of Pennsylvania and an attorney at the law firm, Fisher & Zucker, L.L.C.

9.

Made defendant herein is Lane Fisher, a resident of the state of Pennsylvania and an attorney at the law firm, Fisher & Zucker, L.L.C.

## FACTS

10.

Planet Beach is a tanning spa franchise business that has approximately three hundred and eighty (380) stores worldwide.

11.

Planet Beach retained Fisher & Zucker, L.L.C. to provide advice on legal matters pertaining to the franchise in 2002.

12.

Defendants provided a wide variety of legal services to Planet Beach for approximately six years for which Defendants were paid approximately five hundred thousand ($500,000.00) dollars on an hourly basis. These services included, but was not limited to, preparation of franchise agreements, franchise regulatory matters, trademark registrations, licensing agreements, and resolution of disputes with franchisees.

3

DSC00026

13.

During the time period of representation, information regarding Planet Beach's franchise agreements, business paradigm, trade secrets and other confidential information was conveyed to the Defendants. Planet Beach's management routinely and openly discussed every aspect of its business with the Defendants. There is no doubt that during this time period of representation that Planet Beach openly divulged and disclosed privileged information to the Defendants.

14.

In October of 2007, Mr. Stephen P. Smith, the CEO and President of Planet Beach, attended a trade show where he surprisingly found defendant, Mr. Lane Fisher also in attendance. When Mr. Smith inquired as to why Mr. Fisher was also attending the trade show, Mr. Smith was informed that the Defendants, Zucker & Fisher, L.L.C., and/or Mr. Fisher and Mr. Zucker individually, had acquired an ownership interest in Sunset Tan which is/was a direct competitor of Planet Beach. Mr Smith was also informed that the Defendants were providing legal representation to a direct competitor Sunset Tan.

15.

Competitor Sunset Tan employs a tanning salon franchise sales model that is nearly identical to the one that is/was employed by Planet Beach.

16.

Prior to the conversation between Mr. Zucker and Mr. Smith at the trade show, Planet Beach was not informed of, and had no idea that, Zucker & Fisher, L.L.C., and/or Mr. Fisher and Mr. Zucker individually, held an ownership interest and legally represented direct competitor Sunset Tan. Neither the conflicting representation, nor the acquisition of the ownership interest in a direct competitor, had been disclosed or discussed with Mr. Smith or any other

4

representative of Planet Beach. This relationship would not have been disclosed absent the chance encounter between Mr. Fisher and Mr. Smith.

17.

Subsequent to the trade show, Mr. Smith contacted the Defendants, who he believed to be acting as his lawyers, on numerous occasions in an effort to determine the extent of the relationship between the Defendants and Sunset Tan seeking advice in an effort to determine whether there was in fact an irreconcilable conflict of interest in Defendants' representation of both Planet Beach and direct competitor Sunset Tan.  Mr. Fisher and Mr. Zucker repeatedly stated to Mr. Smith by email and in phone conversations that no conflict existed in Defendants continued legal representation of directly competitive clients - Planet Beach and Sunset Tan - and/or in Defendants' ownership interest in competitor Sunset Tan. During   this   period,   the Defendants owed Mr. Smith and Planet Beach a fiduciary duty to advise him truthfully even to the extent that it was against the personal and/or pecuniary interest.

18.

Mr. Smith on numerous occasions inquired as to why defendants Mr. Zucker and Mr. Fisher had not disclosed the ownership interest and legal representation of direct competitor Sunset Tan to Mr. Smith prior to the trade show. Defendants Mr. Fisher and Mr. Zucker repeatedly stated to Mr. Smith by email and in phone conversations that they did not have a duty to disclose the ownership interest in, and/or the legal representation of Sunset Tan to Mr. Smith.

19.

These discussions resulted with the termination of Defendants as legal counsel for Planet Beach.

20.

5

DSC00028

Following the termination of legal representation, disputes on alleged fees owed for work previously rendered arose between Planet Beach and Defendants.   On March 31, 2009, in response to several requests by Mr. Smith and other representatives of Planet Beach for a conference call to discuss the disputed fees, Mr. Zucker responded by email that "There's nothing to discuss. I just need to know when the invoice will be paid."

21.

The defendant, Mr. Zucker sent numerous emails to Mr. Smith threatening litigation if Zucker & Fisher, L.L.C. did not immediately receive payment for amounts due for alleged work previously rendered.  In these emails, and at all other times relevant hereto, the defendant, Mr. Zucker was acting in his individual capacity and in his capacity as a member and representative of the defendant, Zucker & Fisher, L.L.C.

22.

In March of 2009, Mr. Smith again expressed by email to the defendant, Mr. Zucker a concern regarding the existence of a conflict due to Zucker & Fisher, L.L.C.'s representation and ownership interest in competitor Sunset Tan.  The defendant, Mr. Zucker responded, "Your statements constitute slander and trade disparagement, and if you do not immediately cease and desist from making these statements, I will sue you.... You have failed to identify any alleged conflict of interest. Lane and I do not run Sunset Tan; we are not directors or officers; we merely own a minority interest in the company....You have provided no facts which would support your illusory theories.  As a result, your statements are slanderous as a matter of law, constitute trade disparagement, and are actionable.  You need to cease making these statements immediately." These statements were made by and on behalf of all Defendants herein. In making these statements the Defendants breached their fiduciary duty under Pennsylvania law to advise Mr.

6

DSC00029

Smith and Planet Beach truthfully even to the extent that it was against the personal and/or pecuniary interest. Moreover, this email constitutes grossly negligent and/or wanton conduct on the part of the Defendants in an attempt to hide the fact that the Defendants had an irreconcilable conflict of interest which they failed to disclose.

**COUNT ONE:**
**VIOLATIONS OF PENNSYLVANIA'S RULES OF PROFESSIONAL CONDUCT**

23.

Plaintiff reiterates the allegations of paragraphs 1-22, as if specifically realleged herein.

24.

During representation of Planet Beach, Defendants violated Rule 1.6 of Pennsylvania's Rules of Professional Conduct. The dual representation of directly competitive clients – Planet Beach and Sunset Tan - created an irreconcilable infringement upon the inviolable duty of confidentiality contained in Rule 1.6. There is no mechanism to protect against improper use or exchange of confidential information between two directly-competitive clients represented by Defendants, especially when Defendants have an ownership interest in one of the competing clients.

25.

During representation of Planet Beach, Defendants violated Rule 1.7 of Pennsylvania's Rules of Professional Conduct. Rule 1.7 provides that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

1) the representation of one client will be directly adverse to another client; or
2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

7

DSC00030

26.

During representation of Planet Beach, Defendants violated Rule 1.8 of Pennsylvania's Rules of Professional Conduct.   Rule 1.8 prohibits a lawyer from entering into a business transaction or acquiring an ownership, possessory, security or other pecuniary interest adverse to a client unless:

1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and,

3) the client gives informed consent in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

27.

By continuing to legally represent and have an ownership interest in Sunset Tan, Defendants are violating Rule 1.9 of Pennsylvania's Rules of Professional Conduct.   Rule 1.9 provides that a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

## COUNT TWO:
## LEGAL MALPRACTICE AND BREACH OF CONTRACT

28.

Plaintiff reiterates the allegations of paragraphs 1-27, as if specifically realleged herein.

29.

Under Pennsylvania law, an action for legal malpractice may be brought in either contract or tort. With regard to a breach of contract claim, an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large.  When an attorney enters into a contract to provide legal services, there automatically arises a contractual duty on the part of the attorney to render those legal services in a manner that comports with the profession at large.  This duty clearly encompassed an obligation of good faith and fair dealing.  It also encompassed an obligation to refrain from violating the Pennsylvania Rules of Professional Conduct.

30.

Planet Beach entered into a contract with Defendants for legal services. Defendants breached this contract with Planet Beach when Defendants began negotiating to and/or obtained an ownership interest in Planet Beach's direct competitor Sunset Tan. This breach directly caused the Plaintiff's damages which are, *inter alia*, all of the attorney fees paid to the Defendants.

31.

Defendants had a duty to render those legal services in a manner that adhered to the Pennsylvania Rules of Professional Conduct. Defendants breached this duty to Planet Beach when Defendants began negotiating to and/or obtained an ownership interest in Planet Beach's direct competitor Sunset Tan.  Defendants' breach of this duty directly caused extensive damage to Planet Beach which include, *inter alia*, all of the attorney fees paid to the Defendants

32.

Defendants are licensed professionals who deviated from an acceptable professional standard and breached their fiduciary and contractual duties to Planet Beach.

9

32.

Defendants had a professional obligation to not only avoid the conflict described in paragraphs 10-22 above, but to also make full disclosure to Planet Beach of such a conflict. Instead, when Mr. Smith expressed a concern regarding the conflict, Mr. Smith was aggressively attacked by Defendants and Defendants stated repeatedly that no conflict existed in continued legal representation of directly competitive clients - Planet Beach and Sunset Tan - and/or in Defendants' ownership interest in competitor Sunset Tan.

33.

Defendants' actions showed a reckless indifference and wanton disregard to the rights of Planet Beach (1) by entering into a business transaction and acquiring an ownership interest with direct competitor Sunset Tan, (2) by legally representing direct competitor Sunset Tan, and (3) by failing to make full disclosure to Planet Beach of Defendants' legal representation and ownership interest in direct competitor Sunset Tan. Under Pennsylvania law, punitive damages may be awarded in legal malpractice actions for conduct that is outrageous because of Defendants' evil motives or reckless indifference to the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Planet Beach requests that after due proceedings are had, there be judgment in favor of Planet Beach granting damages in the amount of all fees paid by Planet Beach to Defendants, punitive damages, attorney's fees, costs and all other general and equitable relief, with legal interest as allowed by law.

Further Plaintiff is entitled to judgment against Defendants for a permanent injunction from performing any future legal services for direct competitor Sunset Tan and Defendants should be required to divest their ownership interest in Sunset Tan.

Finally, Plaintiff seeks any further relief which the court may deem appropriate.

Respectfully submitted,

By: _____

Jonathon B. Andry (#20081)
jandry@andrylawgroup.com
Michelle C. Purchner (#30681)
mpurchner@andrylawgroup.com
Christina M. Soileau (#30734)
csoileau@andrylawgroup.com
**The Andry Law Group, L.L.C.**
610 Baronne Street
New Orleans, Louisiana 70113
Telephone:  (504) 586-8899
Fax:  (504) 586-8911

**Attorneys for Planet Beach Franchising Corporation.**

DATE: 4-19-11