## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PLANET BEACH FRANCHISING** | * | **CIVIL ACTION NO.: 2:11-CV-00915** |
| **CORPORATION** | * | |
| | * | **JUDGE FELDMAN** |
| **VERSUS** | * | |
| | * | **MAGISTRATE SHUSHAN** |
| **FISHER & ZUCKER, L.L.C.,** | * | |
| **JEFFREY ZUCKER AND LANE FISHER** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>PLANET BEACH FRANCHISING CORPORATION'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>

Submitted by:

**The Andry Law Group, L.L.C.**

By:     \_\_\_/s/ Michelle C. Purchner\_\_\_\_
Jonathan B. Andry (# 20081)
jandry@andrylawgroup.com
Michelle C. Purchner (#30681)
mpurchner@andrylawgroup.com
Christina M. Soileau (#30734)
csoileau@andrylawgroup.com
610 Baronne Street
New Orleans, Louisiana 70113
Telephone:  (504) 525-5535
Fax:  (504) 586-8911

**Attorneys for Planet Beach Franchising Corporation.**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Content | i |
| Table of Authorities | ii |
| Background | 1 |
| A.  Pertinent Alleged Facts | 1 |
| B.  Procedural Posture | 3 |
| Argument | 3 |
| A.  Defendants incorrectly set forth a higher standard than is required to state a claim upon which relief may be granted. | 5 |
| B.  The same factors relied on by the Fifth Circuit in *Trinity*, to conclude that personal jurisdiction existed, are firmly established in this matter. | 7 |
| C.  Defendants have failed to meet their burden for dismissal of PBFC's claims under Federal Rule of Civil Procedure 12(b)(6). | 10 |
| 1.  PBFC's Complaint states a claim for which relief can be granted for legal malpractice. | 10 |
| 2.  PBFC's Complaint does not have to allege a specific loss attributable to Defendants | 15 |
| 3.  PBFC's claims are timely under Pennsylvania law. | 16 |
| 4.  PBFC's Complaint pleads facts which taken as true, meets 12(b)(6). | 18 |
| Conclusion | 21 |
| Certificate of Service | 22 |

## TABLE OF AUTHORITIES

|  | Page |
|---|---|
| Pa. R.P.C. Preamble ¶ 9 | 12 |
| Pa. R.P.C. 1.6 | 13 |
| Pa. R.P.C. 1.7 | 13 |
| Pa. R.P.C. 1.8 | 2, 12 |
| La. R.S. § 13:3201 | 7 |
| *Asahi Metal Ind. Co. v. Super. Ct.,* 480 U.S. 102, 107 S.Ct. 1026 (1987) | 8 |
| *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) | 5, 6 |
| *ASTech Int'l, LLC v. Husick,* 676 F. Supp. 2d 389 (E.D. Pa. 2009) | 17 |
| *Bailey v. Tucker*, 621 A.2d 108 (Pa. 1993) | 10, 15 |
| *Baker v. Putnal,* 75 F.3d 190 (5th Cir.1996) | 5 |
| *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007) | 5, 6, 7 |
| *Brennan's Inc. v. Brennan's Restaurant, Inc.*, 590 F.2d 168 (5th Cir. 1979) | 14 |
| *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174 (1985) | 8, 9 |
| *David Welch Co. v. Erskine & Tulley,* 250 Cal. Rptr. 339 (Cal. Ct. App. 1988) | 11 |
| *Feinberg v. Eckelmeyer*, No. 09-1536, 2009 WL 4906376 (E.D. Pa. 2009) | 15 |
| *Financial Gen. Bankshares, Inc. v. Metzger*, 523 F.Supp. 744 (D.D.C. 1981), *vacated on jurisdictional grounds*, 680 F.2d 768 (D.C. Cir. 1982) | 19 |
| *Goldstein v. Lees*, 46 Cal.App.3d 614, 120 Cal. Rptr. 253 (1975) | 19 |
| *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009) | 5 |
| *Gorski v. Smith*, 812 A.2d 683 (Pa. 2002) | 10, 15, 18 |
| *Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201 (5th Cir. 1996). | 10 |
| *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984) | 8 |

| | |
|---|---|
| *In re American Airlines, Inc.,* 972 F.2d 605 (5th Cir. 1992) | 14 |
| *Kingston Coal Co. v. Felton Min. Co., Inc.,* 690 A.2d 284 (Pa. 1997) | 17 |
| *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228 (5th Cir.2009) | 5 |
| *Maritrans GP Inc. versus Pepper, Hamilton & Scheetz,* 602 A.2d 1277(Pa. 1992) | 11, 12, 19 |
| *Mink v. AAAA Dev. LLC,* 190 F.3d 333 (5th Cir.1999) | 8 |
| *Nuovo Pignone, SpA v. STORMAN ASIA M/V,* 310 F.3d 374 (5th Cir.2002) | 8, 9 |
| *Perl v. St.Paul Fire & Marine Ins., Co.*, 345 N.W.2d 209 (Minn. 1984) | 19 |
| *Pocono Int'l Raceway v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468 (1983) | 17 |
| *Rice v. Perl*, 3320 N.W.2d 406 (Minn. 1982) | 19 |
| *Skinner v.* Switzer, 131 S.Ct. 1289 (2001) | 5, 6 |
| *Smith v. Duffey*, 2009 WL 2357872 (7th Cir. Aug. 3, 2009) | 6 |
| *Swierkiewicz v. Sorema, N. A.*, 534 U.S. 506, 122 S.Ct. 992 (2002) | 6 |
| *Synthesis v. Globus Medical, Inc.*, No. 04-1235, 2007 WL 2043184 (E.D.Pa. 2007) | 15 |
| *Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg,* 265 Cal. Rptr. 330 (Cal. Ct. App. 1990) | 11 |
| *Trinity Industries, Inc. v Myers & Associates, Ltd.*, 41 F.3d 229, 230 (5th Cir. 1995) | 9 |
| *Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994) | 8 |
| *White v. Roundtree Trans., Inc.*, 386 So.2d 1287 (Fla. App. 1980) | 19 |
| *Who Dat Yat Chat, LLC v. Who Dat? Inc.*, No. 10-1333, 2010 WL 4812956 (E.D. La. 2010) | 5 |
| *Woods v. City Nat'l. Bank & Trust Co.*, 312 U.S. 262, 61 S.Ct. 493 (1941) | 19 |
| *Zeiden v. Oliphant*, 54 N.Y.S.2d 27 (Sup.Ct. 1945) | 19 |

PBFC Franchising Corporation ("PBFC") files this memorandum in opposition requesting that this Honorable Court deny the Motion to Dismiss filed on June 3, 2011 ("Motion") by Fisher & Zucker, L.L.C., Jeffrey Zucker ("Zucker") and Lane Fisher ("Fisher") (collectively "Defendants").

## I.   BACKGROUND

### A.  Pertinent Alleged Facts

In 2002 PBFC entered into a contract for legal services to be provided by Defendants.[1] That relationship existed until 2009.[2]   During this five year period, Defendants learned all aspects about PBFC's business, especially its franchise model.[3]   In 2007 Defendants acquired an ownership interest in Sunset Tan, a direct competitor of their client PBFC.[4]   Sunset Tan employs a tanning salon franchise sales model that is nearly identical to the one that is employed by PBFC.[5]

Defendants' ownership interest in Sunset Tan was taken in lieu of attorney's fees.[6] In other words, compensation for Defendants' legal services was directly related to the financial success of Sunset Tan.[7]   This arrangement gave Sunset Tan a competitive advantage over PBFC, who was paying monthly attorney's fees to Defendants at a significant corporate expense. Defendants did not disclose its ownership interest in Sunset Tan to PBFC. Furthermore, in clear

---

[1] Planet Beach Franchising Corporation's Complaint ("Complaint") at ¶11 (Rec. Doc. No. 1).
[2] *Id.* at ¶ 20.
[3] *Id.* at ¶ 13.
[4] *Id.* at ¶ 14.
[5] *Id* at ¶ 15.
[6] *Id* at ¶ 22.
[7] *Id.* at ¶ 22.

defiance of the Pennsylvania Rules of Professional Conduct ("Pa. R.P.C."), Defendants did not seek PBFC's informed consent prior to entering into and/or obtaining the ownership interest.[8]

In October of 2007, President and CEO for PBFC, Steven Smith ("Smith"), unexpectedly found Fisher in attendance at a franchise exposition in Los Angeles, California, positioned at the Sunset Tan display. This is when Smith first learned of the ownership interest.[9] If not for this chance encounter, PBFC likely would never have learned of Defendants' ownership interest in Sunset Tan.[10]

Subsequent to the franchise exposition, Smith contacted the Defendants on numerous occasions to attempt to determine the nature and extent of the relationship between Defendants and Sunset Tan.[11] In several oral and written communications, Fisher and Zucker repeatedly insisted to Smith that no conflict existed.[12]

The concurrent legal representation by Defendants of both PBFC and Sunset Tan existed from around July 2007 until March 2009, at which point PBFC terminated its relationship with Defendants.[13] In March of 2009, Smith again expressed concerns of the likelihood of disclosures of PBFC's proprietary and confidential information to competitor Sunset Tan.[14] Zucker then chastised Smith for raising an "illusory" conflict, and then, unbelievably, Zucker threatened Smith with a lawsuit for slander and trade disparagement:

> We simply accepted stock in lieu of fees. You have provided no facts which would support your illusory theories. As a result, you statements are slanderous as a matter of law, constitute trade

---

[8] *Id.* at ¶16; Pa. R.P.C. 1.8.
[9] *Id.* at ¶ 14
[10] *Id.* at ¶ 16.
[11] *Id .* at ¶ 17.
[12] *Id.* at ¶ 17.
[13] *Id.* at ¶ 20.
[14] *Id.* at ¶ 22.

disparagement, and are actionable.  You need to cease making these statements immediately.[15]

On April 19, 2011 it became undisputed that, that Defendants actions were in violation of the Pa. R.P.C. and that they breached their fiduciary and contractual duties to PBFC. PBFC filed this suit against Defendants for legal malpractice both in contract and tort that same day.

### B.  Procedural Posture

On June 3, 2011 Defendants filed a Motion to Dismiss PBFC's claims for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.  This memorandum is written in opposition to that Motion. Federal Rule of Civil Procedure 8 requires that "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction…(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  As demonstrated below, PBFC has met the pleading requirements under Federal Rule of Civil Procedure 8.  Defendants have failed to meet their burden for dismissal, thus Defendants' Motion to Dismiss must be rejected.


## II.    ARGUMENT

The gravamen of Defendants' argument is inapposite.  PBFC allege does not contend the lawyers are in all instances prohibited from representing two clients in the same industry.[16] The Complaint alleges that Defendants (1) entered into a *business relationship* with a direct competitor and obtained an *ownership interest* in that direct competitor, and (2) did not disclose

---

[15] *Id.* at ¶ 22.
[16] Fisher & Zucker, L.L.C., Jeffrey Zucker and Lane Fisher's Memorandum in Support of Motion to Dismiss ("Defendants' Memorandum") at pp. 2 and 14 (Rec. Doc. No. 14-4).

that ownership interest to their client PBFC.[17] Such conduct is prohibited by the Pa. R.P.C., and as such, plainly constitutes a breach of Defendants' fiduciary and contractual duties owed to PBFC.

Defendants attempt to equal their misdeeds to a law firm representing two oil companies or two car dealerships.[18] This analogy is preposterous on its face. Defendants dodge the real issue by arguing that there is no strict prohibition against a law firm representing two competitors.

Obtaining an *ownership interest* in a direct competitor is wholly different than a law firm representing two clients in the same industry. The issues in this case as alleged by PBFC, and taken as true, are that Defendants:

A. knowingly representing a competitor, Sunset Tan, which constitutes a conflict of interest in direct violation of the Pa. R.P.C.;

B. concealing the ownership interest in a competitor and failing to seek informed consent;

C. repeatedly misrepresenting that no conflict of interest existed;

D. berating Smith and threatening Smith with a frivolous lawsuit for slander and trade disparagement;

E. securing for Sunset Tan a competitive advantage over PBFC and taking an adverse position to PBFC, by tying their attorney's fees to the financial success of Sunset Tan;

F. continuing to represent both tanning salon franchising companies for two years despite the conflict of interest; and

G. using confidential information relating to PBFC's business model for Defendants representation of, and ownership interest in, Sunset Tan.[19]

---

[17] Complaint at ¶¶ 14-22 (Rec. Doc. No. 1).
[18] Defendants' Memorandum at pp. 2 and 14 (Rec. Doc. No. 14-4).
[19] Complaint at ¶¶ 10-22 (Rec. Doc. No. 1).

Each of these actions taken individual or collectively are equivocal violations of the Pa. R.P.C.

Defendants in this case are attorneys.  The bottom line is that they owe the utmost degree of fiduciary responsibility to clients.  Defendants' behavior failed, and continues to fail, to meet their duties to PBFC.

### A. Defendants incorrectly set forth a higher standard than is required to state a claim upon which relief may be granted.

To withstand a motion to dismiss, a plaintiff must merely plead enough facts "to state a claim to relief that is plausible on its face."[20] A claim is plausible on its face when the pleading contains facts that allow the court to "draw the *reasonable inference* that the defendant is liable for the misconduct alleged."[21] "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.[22]

As Defendants state correctly, in reviewing a motion to dismiss, all factual allegations in the Plaintiff's Complaint *must be presumed to be true and viewed in the light most favorable to Plaintiff.*[23] Defendants' argument - that the Complaint does not meet the required level of detail in pleading a complaint - mistakenly relies on the Supreme Court case *Bell Atlantic Corp. v. Twombly*,[24] and its progeny, including *Ashcroft v. Iqbal*.[25] However, in a recent opinion *Skinner v. Switzer*, the Supreme Court has rearticulated the appropriate standard for review of a motion to

---

[20] *Who Dat Yat Chat, LLC v. Who Dat? Inc.*, No. 10-1333, 2010 WL 4812956 at *2 (E.D. La. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 1960 (2007)).
[21] *Id.* (emphasis added).
[22] *Id.* (quoting *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir.2009)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996).
[23] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (emphasis added).
[24] 550 U.S. 544 (2007).
[25] 129 S.Ct. 1937, 1954 (2009).

5

dismiss.[26] In restating the standard of review to be given to a Motion to Dismiss, the *Skinner* Court notes that:

> [U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the plaintiff's claim, *not an exposition of his legal argument*.[27]

*Skinner* court found that a single paragraph generally due process claims was sufficient for Petitioner to set forth his claim.[28] In *Swierkiewicz*, on which the Court relied in *Skinner*, the Court had also rejected a higher pleading standard and affirmed a notice pleading standard.[29]

*Twombly* and *Ashcroft* are no longer the applicable standard under which to analyze Plaintiff's claims.[30][31]   But, even under *Twombly* and *Ashcroft* the result is the same. Although the Court in *Twombly* said that courts should not take literally the Court's previous admonition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,"[32] the Court made clear that its concern was simply that, taken to its logical conclusion, a court applying this standard might allow pleadings based on a single "wholly conclusory

---

[26] 131 S.Ct. 1289 (2001).
[27] *Id*. at 1296 (emphasis added).
[28] *Id*. at 1291.
[29] *Swierkiewicz v. Sorema, N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998 (2002).
[30] *Skinner*, 131 S.Ct. at 1296 (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002)).
[31] Even before the Court's decision in *Skinner*, courts had been quick to limit the higher pleading standard of *Twombly* and *Ashcroft* to their particularly complex facts: *Twombly* involved allegations of a sweeping antitrust conspiracy, and *Ashcroft* addressed claims against top Bush administration officials for actions taken after 9/11. *See Smith v. Duffey*, 2009 WL 2357872, at *4 (7th Cir. Aug. 3, 2009) (Posner, J.) (stating that the court was "reluctant to endorse the district court's citation of [*Twombly*]" and concluding that "maybe neither [*Twombly*] nor *Ashcroft* govern here.").
[32] *Twombly*, 550 U.S. at 561.

statement."[33]   The Court held specifically that it does "not require heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on its face,"[34] and

cautioned that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual

proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"[35]

Plaintiff's detailed pleadings are far from the type of conclusory statements that

concerned the Court in *Ashcroft* and *Twombly*. The restatement of the appropriate standard for a

motion to dismiss in *Skinner* makes clear that, although pure legal conclusions are not

themselves assumed to be true, where claims are supported by specific factual allegations, as

Plaintiff's claims are, the Motion to Dismiss should be denied.

   **B.  The same factors relied on by the Fifth Circuit in *Trinity*, to conclude that
        personal jurisdiction existed, are firmly established in this matter.**

A plaintiff must meet two requirements to establish a federal court's personal jurisdiction

over a nonresident in a diversity case. First, the forum state's long-arm statute must confer

personal jurisdiction. Louisiana's long-arm statute provides that:

> A court may exercise personal jurisdiction over a nonresident, who acts directly
> or by an agent, as to a cause of action arising from any one of the following
> activities performed by the nonresident: (1) Transacting *any* business in this state.
> (2) Contracting to supply services or things in this state. (3) Causing injury or
> damage by an offense or quasi offense committed through an act or omission in
> this state. (4) Causing injury or damage in this state by an offense or quasi offense
> committed through an act or omission outside of this state if he regularly does or
> solicits business, or engages in any other persistent course of conduct, or derives
> revenue from goods used or consumed or services rendered in this state…a court
> of this state may exercise personal jurisdiction over a nonresident on any basis
> consistent with the constitution of this state and of the Constitution of the United
> States.[36]

---

[33] *Id.*
[34] *Id.* at 570.
[35] *Id.* at 556.
[36] La. R.S. § 13:3201 (emphasis added).

Defendants transacted business in Louisiana in several instances by, among other things: legal representative of PBFC; supplying their legal services in Louisiana; deriving revenue from services rendered in Louisiana; soliciting business and marketing their legal services to Louisiana entities.  As such, the Louisiana long-arm statute confers personal jurisdiction over these Defendants.

Second, exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment.[37]  The Due Process Clause "operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant."[38] The "constitutional touchstone" of the inquiry to determine if personal jurisdiction can be exercised is whether the defendant "purposefully established minimum contacts in the forum State."[39] Personal jurisdiction can be "general" or "specific."[40] If a defendant's contacts with the forum state are "continuous and systematic," a court may exercise general jurisdiction over a defendant, regardless of whether the action is related specific contacts asserted in a lawsuit.[41]

If a defendant has relatively few contacts, a court may still exercise specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum."[42] A three-step analysis for the specific jurisdiction inquiry is articulated in *Nuovo Pignone, SpA v. STORMAN ASIA M/V*:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of

---

[37] *Mink v. AAAA Dev. LLC,* 190 F.3d 333, 335 (5th Cir.1999).

[38] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

[39] *Asahi Metal Ind. Co. v. Super. Ct.,* 480 U.S. 102, 108–09, 107 S.Ct. 1026 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174 (1985)).

[40] *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

[41] *Helicopteros*, 466 U.S. at 414–15.

[42] *Id*. at 414 and n. 8.

conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[43]

If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable.[44]

The law of the Fifth Circuit establishes that specific jurisdiction over Defendants is proper. A court must consider the particular contacts with the forum state in the context of the attorney-client relationship.[45] In the *Trinity* case, Trinity Industries, a foreign corporation with its principal place of business in Texas, hired an Illinois patent lawyer for representation in patent and trademark matters. Trinity Industries filed a legal malpractice claim against the lawyer in Texas. The court found that the Defendant had purposefully availed itself of the benefits and laws of Texas in that (1) the representation extended for a period of eight years, (2) the representation regularly required mail and telephonic communication with Texas, (3) the attorney attended meetings in Texas, (4) the attorney billed Trinity in Texas and (5) the attorney received payment from Texas.

The same factors, relied on by the *Trinity* court to conclude that personal jurisdiction existed are firmly established in this matter. First, the representation of PBFC by Defendants lasted from 2002 until 2009. Second, the representation regularly required mail, telephonic communications, emails and facsimiles by Defendants with Louisiana. Third, Zucker and Fisher made numerous physical appearances in Louisiana.[46] Fourth, Defendants billed PBFC in

---

[43] 310 F.3d 374, 378 (5th Cir.2002) (citing *Burger King*, 471 U.S. at 474).

[44] *Id*. at 382.

[45] *Trinity Industries, Inc. v Myers & Associates, Ltd.*, 41 F.3d 229, 230 (5th Cir. 1995)(The Fifth Circuit stated that "the bare existence of an attorney-client relationship is not sufficient" to establish jurisdiction over a party.).

[46] Defendants' Memorandum at Exhibit 1, ¶ 11; Defendants' Memorandum at Exhibit 2, ¶ 15.

Louisiana.  Fifth, Defendants derived significant revenue from Louisiana in over $500,000 in fees.  It is plain that, consistent with *Trinity*, Defendants purposefully availed themselves to the benefits and protections of the forum state.[47]

Finally, the Federal Rule of Civil Procedure 8 only requires that "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction."  Paragraph 3 of the Complaint states "[t]his Court has personal jurisdiction over Defendants as sufficient minimum contacts with the state of Louisiana exists.  Defendants market and provide legal services to Louisiana businesses, including but not limited to, PBFC."  PBFC has met its pleading requirements under Federal Rule of Civil Procedure 8(a)(1). The court should deny Defendants' motion to dismiss.

### C. Defendants have failed to meet their burden for dismissal of PBFC's claims under Federal Rule of Civil Procedure 12(b)(6).

This case alleges violations by the Defendants of the Pa. R.P.C. which themselves constitutes to legal malpractice, specifically breach of contract and breach of fiduciary duties.[48] Defendants' arguments to the contrary are without merit.

#### 1. PBFC's Complaint states a claim for which relief can be granted for legal malpractice.

An attorney who agrees for a fee to represent a client implicitly, but definitely, agrees to provide that client with professional services consistent with those expected of the profession at large.[49] Thus, in any attorney-client relationship, there arises a contractual duty to render legal services in a manner that comports with the profession at large.[50] This duty clearly encompassed

---

[47] *See Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 207 (5th Cir. 1996).
[48] Complaint at ¶¶ 24 – 33 (Rec. Doc. No. 1).
[49] *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993).
[50] *Gorski v. Smith*, 812 A.2d 683, 694 (Pa. 2002).

an obligation of good faith and fair dealing.  It also encompassed an obligation to refrain from violating the Pa. R.P.C..

The Pa. R.P.C. provides guidance and sets forth the manner in which an attorney should render legal services.  It is expected by the profession at large that all attorneys, licensed in Pennsylvania, render legal services in the manner set forth by the Pa. R.P.C.. Defendants assert in their Motion to Dismiss that violations of the Pa. R.P.C. do not in itself give rise to a cause of action against a lawyer.  This is true. However, the Pennsylvania Supreme Court has held that conduct arising to violations of the Pa. R.P.C. may be actionable if the conduct constitutes a breach of the common law fiduciary duty owed by attorneys to clients.[51]  This is *exactly* what is alleged in PBFC's Complaint.

Defendants' conduct is an impermissible conflict of interest which violates several of the Pa. R.P.C..[52]  This conduct is actionable because, not only is it a breach of the attorney/client contract, but the conduct also constitutes a breach of the common law fiduciary duty owed by Defendants to PBFC.[53] Attorneys are bound, at law, to perform their fiduciary duties properly, and the failure to do so, gives rise to a cause of action.[54]  Courts have allowed civil actions for damages for an attorney's breach of his fiduciary duty by engaging in conflicts of interest.[55]  The underlying rationale for such causes of action is the belief that one client will be harmed by the

---

[51] *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1279, 1283 (Pa. 1992).
[52] Complaint at ¶¶ 24, 25, 26 and 27 (Rec. Doc. 1).
[53] *Id.* at ¶¶ 31, 32, 33 and 34.
[54] *Maritrans*, 602 A.2d at 1283.
[55] *Id.* at 1286 (citing *Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg,* 265 Cal. Rptr. 330 (Cal. Ct. App. 1990)(permitting suit for a constructive trust and damages by a real estate partnership against a law firm that breached its fiduciary duty to the partnership by usurping a partnership opportunity); *David Welch Co. v. Erskine & Tulley,* 250 Cal. Rptr. 339 (Cal. Ct. App. 1988)(where the court affirmed a judgment for $350,000 against a law firm that breached its fiduciary duties toward a former client after being privy to the former client's confidential information by, inter alia, failing to inform the former client that the law firm prepared business proposals designed to undercut the former client's business relationships).

attorney's use, in his/her representation of the adverse party, of confidential information obtained from the first client.[56]

What constitutes an impermissible "conflict of interest" is set forth in the Pa. R.P.C..  The Pa. R.P.C. also prescribe terms for resolving such conflicts.[57]  One such rule that is applicable in this matter, and is alleged in the Complaint as a violated by Defendants, is Pennsylvania Rule of Professional Conduct 1.8.  Rule 1.8 prohibits a lawyer from entering into a business transaction or acquiring an ownership, possessory, security or other pecuniary interest adverse to a client unless  (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client, (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and, (3) the client gives informed consent in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.[58] Defendants, during their representation of PBFC, entered into a business relationship with a direct competitor of PBFC.  Defendants did not follow any of the requirements of Rule 1.8.  The transaction between Defendants and Sunset Tan, or the terms of that transaction, was never disclosed to PBFC and certainly not in writing. PBFC was not advised to seek the advice of independent legal counsel regarding the transaction. PBFC certainly never gave informed consent in writing to the essential terms of the transaction and to Defendants' role in the transaction. In fact, the exact opposite of what is required by Rule 1.8 occurred. The entire transaction was never discussed with, much less properly disclosed to,

---

[56] *Id.* at 1285.
[57] Pa. R.P.C. Preamble ¶ 9.
[58] Pa. R.P.C. 1.8.

PBFC.  Moreover, when Smith did ultimately find out about the business relationship between Defendants and Sunset Tan and attempted to discuss it with Zucker, Smith was dismissed, threatened and chastised for raising an "illusory" conflict.

Pa. R.P.C. 1.7 provides that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest which exists if (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. It is impossible that Defendants' representation of PBFC was not materially limited by their concurrent representation of a direct competitor in connection with matters identical to their representation of PBFC.

Defendants argue that "should this matter proceed to the merits, evidence will show that PBFC never disclosed to Defendants information that should be remotely construed as helpful to a competitor."[59] This is pure conjecture, and is not proper consideration in a 12(b)(6) motion. Taking the Complaint's allegations as true, during the time period of representation, information regarding PBFC's franchise agreements, business paradigm, trade secrets and other confidential information was conveyed to the Defendants.[60]  Confidential information is any information "relating to representation of the client."[61] PBFC's management routinely and openly discussed every aspect of its business with the Defendants, thereby divulging privileged and confidential information to Defendants.[62]

---

[59] Defendants' Memorandum at p. 2 (Rec. Doc. 14-4).
[60] Complaint at ¶ 13 (Rec. Doc. 1).
[61] Pa. R.P.C. 1.6(a).
[62] Complaint at ¶ 13 (Rec. Doc. 1).

Moreover, it is a staple of conflict analysis that once it is established that there is a substantial relationship between two representatives there is an *irrebutable presumption* that confidential information was disclosed in the subsequent representation, in this case the Sunset Tan representation.[63] The mere fact that Defendants were indeed ownership interest in Sunset Tan, precludes Defendants from being able to argue otherwise.

Further, it is inconceivable that Defendants' representation of PBFC was not materially limited by their concurrent representation of Sunset Tan when Defendants *tied their fees for legal services to the future financial success of Sunset Tan*. The conflict of interest would be clear to any competent licensed professional.  Defendants negligently or intentionally failed to act in good faith and acted solely for their own benefit at the expense of their client PBFC.

Plainly, Defendants engaged in an impermissible conflict of interest in violation of the Pa. R.P.C..  This violation *is actionable* as it constitutes a breach of the contractual and fiduciary duties owed by attorneys to their clients.

Federal Rule of Civil Procedure 8 requires that "a pleading that states a claim for relief must contain....(2) a short and plain statement of the claim showing that the pleader is entitled to relief."   PBFC's Complaint contains several statements that Defendants engaged in an impermissible conflict of interest in violation of the Pa. R.P.C. arising to a breach of the contractual and fiduciary duties owed by Defendants to PBFC.[64] PBFC has met its pleading requirements under Federal Rule of Civil Procedure 8(a)(2).

---

[63] *See, e.g. In re American Airlines, Inc.,* 972 F.2d 605, 614 (5th Cir. 1992); *Brennan's Inc. v. Brennan's Restaurant, Inc.*, 590 F.2d 168, 172 (5th Cir. 1979).
[64] Complaint at ¶¶ 1, 24-27, 30-33 (Rec. Doc. 1).

### 2. PBFC's Complaint does not have to allege a specific loss attributable to Defendants.

Defendants argue that PBFC's legal malpractice claim is defective because PBFC has not stated an actual loss and that PBFC must demonstrate that Defendants failed to follow a specific instruction. However, PBFC does *not* have to show any specific loss attributable to Defendants. When a party claiming breach of fiduciary duty has pleaded payment of fees to the breaching attorney, there is no requirement to plead further injury or damages.[65] A pleading of the breach itself is sufficient to state a claim.[66] The  injury element of a breach of fiduciary duty claim is adequately plead without provision of information such as lost profits, because a party pleading breach of fiduciary duty need not be plead more than "the offending party's receipt of a benefit that should have inured to the complainant."[67] PBFC has plead payment of fees to Defendants for legal services rendered while Defendants were simultaneously working both for and against PBFC.[68] Defendants also received the benefit of PBFC's confidential and proprietary information especially that of PBFC's business model and franchising strategy.[69]

Further, if a plaintiff demonstrates by a preponderance of the evidence that an attorney has breached his contractual duty to provide legal services *in a manner consistent with the profession at large*, then the plaintiff has successfully established a breach of contract claim against the attorney.[70] This is exactly what is alleged in the Complaint. PBFC and Defendants entered into a contract for legal services in 2002.[71] Defendants provided a wide variety of legal

---

[65] *Feinberg v. Eckelmeyer*, No. 09-1536, 2009 WL 4906376 at *10 (E.D. Pa. 2009).
[66] *Id.*
[67] *Synthesis v. Globus Medical, Inc.*, No. 04-1235, 2007 WL 2043184 at *11 (E.D.Pa. 2007).
[68] Complaint at ¶ 12 and 31(Rec. Doc. 1).
[69] *Id.* at ¶ 13.
[70] *Gorski v. Smith*, 812 A.2d 683, 693-697 (Pa. 2002) (discussing the effect of *Bailey v. Tucker,* 553 Pa. 237, 621 A.2d 108 (1993)).
[71] Complaint at ¶11 (Rec. Doc. 1).

services to PBFC for which Defendants were paid approximately $500,000.00 in fees.[72] Defendants breached their contractual and fiduciary duties to PBFC by entering into a business transaction with a direct competitor, creating an impermissible conflict of interest.[73]   This conflict of interest is a violation of the Pa. R.P.C., thus Defendants were not providing their legal services to PBFC "in a manner consistent with the profession at large."[74]   PBFC has properly stated a claim for breach of contract and breach of fiduciary duty against Defendants.

### 3.   PBFC's claims are timely under Pennsylvania law.

PBFC has plead two different causes of action arising from common facts: one in contract and the other in tort.  A claim for legal malpractice in contract is subject to a four year statute of limitations.  Defendants do not contend PBFC's contract claim are time barred.

A claim for legal malpractice in tort is subject to a two year statute of limitations. Defendants' argument that PBFC's claim for legal malpractice is time barred is absurd on its face.  The essence of Defendants' argument is that a lawyer may threaten his client based upon his unequivocal legal advice and then claim later that the client should not have relied upon that advice.  This cannot be the case.

Zucker and Fisher adamantly represented to Smith that there was no conflict of interest and thus no breach of fiduciary duty in their concurrent representation of, and ownership interest in, a competitor of PBFC.  Further, Defendants threatened to sue Smith for slander and trade disparagement when he expressed concerns about the potential of confidential and proprietary information being passed to a competitor.  At no time did Defendants even recommend to Smith that PBFC should seek the advice of other counsel if Smith was concerned that a conflict existed.

---

[72] *Id.* at ¶12.
[73] *Id.* at ¶¶ 1, 24-27, 30-33.
[74] *Id.* at ¶¶ 24-27.

As such Defendants cannot argue that PBFC did not exercise due diligence in attempting to discover if it had a claim.

Now, Defendants attempt to hide behind the statutes of limitations by asserting that PBFC should have known about their cause of action years ago and that this lawsuit is untimely. How can it be that Defendants' advice was good enough then, but somehow, in retrospect, PBFC could not have reasonably relied upon it?  Under the circumstances, PBFC was wholly justified in relying on the legal opinions of its lawyers, Defendants.

Pennsylvania courts apply the discovery rule to toll the statute of limitations where, despite the exercise of due diligence, the plaintiff could not reasonably have discovered his injury or its cause.[75]  Even though Defendants' business relationship with Sunset Tan began in 2007, the discovery rule tolls the statute of limitations until such time as PBFC knew or reasonably should have known of the injury.   Where the discovery rule is applied to legal malpractice actions in tort, the two-year period begins to run when the plaintiff knew or in the exercise of reasonable diligence should have known of the breach.[76]

> The question of due diligence in discovering an injury, as it relates to a statute of limitations defense, is usually one for a jury's consideration. However, where the facts are so clear that reasonable minds cannot differ as to whether the plaintiff should reasonably be aware that he has suffered an injury, the determination as to when the limitations period commences may be made as a matter of law.[77]

Pennsylvania courts have held that "where information is available, the failure of a plaintiff to *make the proper inquiries* is a failure to exercise reasonable diligence as a matter of law."[78]  As

---

[75] *Pocono Int'l Raceway v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468, 471 (1983).
[76] *Kingston Coal Co. v. Felton Min. Co., Inc.,* 690 A.2d 284, 289 (Pa. 1997).
[77] *Id.* at 288.
[78] *Id.* at 289 (emphasis added); *ASTech Int'l, LLC v. Husick,* 676 F. Supp. 2d 389, 397 (E.D. Pa. 2009).

plead in the Complaint, PBFC made the proper inquiries and performed its due diligence on numerous occasions when Smith inquired as to the extent of the relationship between Sunset Tan and Defendants.[79]  Defendants repeatedly stated to Smith by email and in phone conversations that there was no conflict.[80] PBFC, when retaining Defendants to preform legal services, had a justifiable expectation that the Defendants "would exhibit reasonable care in the performance of those services, since that is an attorney's sacred obligation to the client."[81] PBFC continued to use Defendants for legal representative through March of 2009 in reliance of Defendants' misrepresentations that no conflict existed. The client is under no duty to guard against the failure of an attorney to exercise the required standard of care in the performance of legal services for which the attorney was retained.[82]  Imposing such a duty on a client would clearly defeat the client's purpose of having retained the attorney in the first place.[83]

PBFC exercised reasonable diligence to learn the breach of fiduciary duty owed be Defendants to PBFC, and this lawsuit, therefore, was timely filed.     In fact, Defendants took affirmative steps to conceal PBFC's claims from them by their threats of litigation.  It cannot be that Defendants may now rely on their own faulty legal advice and threats to escape liability.

### 4.  PBFC's Complaint pleads facts which taken as true, meets 12(b)(6).

Defendants hint that disgorgement of fees, punitive damages and injunctive relief are not the proper relief which can be granted for a cause of action in legal malpractice. The Pennsylvania Supreme Court in *Maritrans* recognized that a client is entitled to a return of fees

---

[79] Complaint at ¶¶ 17, 18, and 22 (Rec. Doc. 1).
[80] *Id.* at ¶¶ 18 and 22.
[81] *Gorski*, 812 A.2d at703.
[82] *Id.*
[83] *Id.*

paid to an attorney who has breached his or her fiduciary duties.[84]   The Court in *Maritrans* stated:

> Courts throughout this country have ordered the disgorgement of fees paid or the forfeiture of fees owed to attorneys who have breached their fiduciary duties to their clients by engaging in impermissible conflicts of interest.[85]   Notwithstanding that the attorneys in those cases could have been disciplined under applicable rules of professional conduct, disgorgement or forfeiture of fees for services rendered was ordered.[86]

The United States Supreme Court has said:   "A fiduciary…may not perfect his claim to compensation by insisting that although he had conflicting interests, he served his several maters equally well or that his primary loyalty was not weakened by his pull of his secondary one. Only strict adherence to these equitable principles can keep the standard of conduct for all fiduciaries 'at a level higher than that trodden by the crowd.'"[87]

Courts throughout the U.S. have not hesitated to impose civil sanctions against attorneys who breach their fiduciary duties to their clients, which sanctions have been imposed separately and apart from professional discipline.[88]   When a breach of fiduciary duty is caused by an impermissible conflict of interest, a plaintiff is entitled to a disgorgement of fees.   As made clear in the Complaint, PBFC is entitled to disgorgement of the fees, at least, from the beginning of

---

[84] *Maritrans GP Inc., et al. v. Pepper, Hamilton & Scheetz, et al.,* 602 A.2d 1277 (Pa. 1992).

[85] *Id.* at 1285(citing cases in which forfeiture was ordered: *White v. Roundtree Trans., Inc.*, 386 So.2d 1287 (Fla. App. 1980); *Perl v. St.Paul Fire & Marine Ins., Co.*, 345 N.W.2d 209 (Minn. 1984); *Rice v. Perl*, 3320 N.W.2d 406 (Minn. 1982); *Financial Gen. Bankshares, Inc. v. Metzger*, 523 F.Supp. 744 (D.D.C. 1981), *vacated on jurisdictional grounds*, 680 F.2d 768 (D.C. Cir. 1982); *Goldstein v. Lees*, 46 Cal.App.3d 614, 120 Cal. Rptr. 253 (1975); *Zeiden v. Oliphant*, 54 N.Y.S.2d 27 (Sup.Ct. 1945)).

[86] *Id.*

[87] *Id.* at 1285-1286 (citing *Woods v. City Nat'l. Bank & Trust Co.*, 312 U.S. 262, 269, 61 S.Ct. 493, 497 (quoting Justice Cardozo)).

[88] *Id.* at 1286.

Defendants' business relationship with Sunset Tan through the termination of PBFC's relationship with Defendants.

Further, under Pennsylvania law, punitive damages may be awarded in legal malpractice actions for conduct that is outrageous because of an attorney's evil motives or reckless indifference to the rights of others.   Defendants exhibited a reckless indifference and wanton disregard to the rights of PBFC (1) by entering into a business transaction and acquiring an ownership interest in a direct competitor (2) by legally representing a direct competitor with a fee arrangement tied to the financial success of that competitor as well as creating a competitive advantage for that competitor that is adverse to PBFC, and (3) by failing to make full disclosure to PBFC of Defendants' legal representation and ownership interest in that competitor. Defendants clearly failed to act in good faith and acted solely for their own benefit at the expense of their client PBFC.  PBFC properly prays for punitive damages in its Complaint.

Lastly, under Pennsylvania law, it is appropriate to request a permanent injunction from Defendants performing any future legal services for direct competitor Sunset Tan.  It is also appropriate to request that Defendants be required to divest their ownership interest in Sunset Tan. In the matter of *Maritrans* the defendant law firm was discovered to be secretly representing competitors of the plaintiff.   The Court found that defendant law firm had acquired confidential information from the plaintiff relating to its labor negotiating strategy which the plaintiff did not wish to have its competitors' possession.   The trial court granted an injunction and the Supreme Court affirmed.  The Court reasoned that "[t]here is a substantial relationship here between [the firm's] former representation of [the client] and their current representation of [the client's] competitors such that the injunctive relief granted here was justified…As fiduciaries, [the firm] can be fully enjoined from representing [the client's] competitors as that

20

would create too great a danger that [the client's] confidential relationship with [the firm] would be breached."  Defendants, over the course of a seven year representation, acquired confidential information from PBFC regarding its franchising and business strategies.  PBFC does not wish for this information to be in the possession of Sunset Tan, or any other competitor of PBFC. PBFC properly prays for injunctive relief in its Complaint.

Federal Rule of Civil Procedure 8 requires that "a pleading that states a claim for relief must contain….(3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  PBFC's Complaint demands relief in the disgorgement of fees, punitive damages and injunctive relief.[89] PBFC has met its pleading requirements under Federal Rule of Civil Procedure 8(a)(3).

## III.    CONCLUSION

Federal Rule of Civil Procedure 8 requires that "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction…(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."   As set forth above, PBFC has met the minimum standard of pleading under Federal Rule of Civil Procedure 8.  Defendants have failed to meet their burden for dismissal.  This Court should deny Defendants' Motion to Dismiss.

---

[89] Complaint at ¶ 33 and Prayer for Relief (Rec. Doc. 1).

Respectfully submitted,

By:        /s/ Michelle C. Purchner_____
            Jonathan B. Andry (# 20081)
            jandry@andrylawgroup.com
            Michelle C. Purchner (#30681)
            mpurchner@andrylawgroup.com
            Christina M. Soileau (#30734)
            csoileau@andrylawgroup.com
            **The Andry Law Group, L.L.C.**
            610 Baronne Street
            New Orleans, Louisiana 70113
            Telephone:  (504) 525-5535
            Fax:  (504) 586-8911

            **Attorneys for Planet Beach Franchising Corporation.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been forwarded to all counsel of record by ECF filing, this 19th day of July, 2011.

                          _____/s/ Michelle C.Purchner_____