UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PLANET BEACH FRANCHISING                       CIVIL ACTION
CORP.

VERSUS                                         NO. 11-915

FISHER & ZUCKER L.L.C.,                        SECTION "F"
ET AL

ORDER & REASONS

Before the Court is the defendants' motion to dismiss.  For
the following reasons, the motion is GRANTED.

## Background

This case arises out of the plaintiff Planet Beach Franchising
Corporation's claims against its former attorneys.  The plaintiff
is a Louisiana-based franchisor of tanning salons.  The company
retained Fisher & Zucker LLP, a Pennsylvania law firm, and its
partners, Jeffrey Fisher and Lane Zucker, also Pennsylvania
residents, to represent it in franchise agreements, franchise
regulatory matters, and franchise-related.  The defendants
represented the plaintiff from 2002 to 2008 or 2009.

At some point in the relationship, the plaintiff saw Fisher at
a trade show and learned that all or some of the defendants were
representing and had an ownership interest in the plaintiff's
competitor Sunset Tan.  After discovering this alleged conflict of
interest, the plaintiff claims that it repeatedly asked the
defendants by phone and e-mail why it had not revealed its

relationship with Sunset Tan.  The defendants apparently replied

they were under no obligation to do so.[1]

The plaintiff has sued the defendants for violations of

Pennsylvania's Rules of Professional Conduct and for legal

malpractice and breach of contract, complaining that the defendants

improperly acquired an ownership interest in a competitor and

represented plaintiff's competitor without fully disclosing the

possible conflict.  The plaintiff seeks disgorgement of all fees

paid, punitive damages, a permanent injunction against defendants

from performing any future legal services for Sunset Tan, and the

defendants' divestment of their ownership interest in Sunset Tan.

Contesting this Court's personal jurisdiction and disputing

whether the plaintiff has stated a claim upon which this Court can

grant relief, the defendants move to dismiss plaintiff's case.

## Law & Analysis

### I.

When nonresidents like the defendants move to dismiss for lack

of personal jurisdiction, the plaintiff seeking to invoke the

jurisdiction of this Court bears the burden of establishing it.

See Luv N' Care v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir.

---

[1]   The plaintiff's complaint provides no other information.
In its motion, the plaintiff asserts that the defendants'
representation regularly required mail, phone calls, e-mails, and
faxes to Louisiana, that Zucker and Fisher regularly appeared in
Louisiana (why, they do not say); and that the defendants billed
the plaintiff in Louisiana and received payment from Louisiana.

2006).   The plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction where, as here, the Court decides the matter without an evidentiary hearing.   Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994).   The Court will take all uncontroverted allegations in the complaint as true and resolve any conflicts in the plaintiff's favor.   Id.   The Court is not restricted    to    pleadings,    but    may    consider    affidavits, interrogatories, depositions, or any other appropriate method of discovery.   Id.; see Jobe v. ATR Mktg., Inc., 87 F.3d 751, 752 (5th Cir. 1996).

The   Court   may   exercise   personal   jurisdiction   over   a nonresident defendant only if two requirements are satisfied:   (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of Due Process.   See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006).   Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over the defendants would offend due process.   See LA. REV. STAT. ANN. § 13:3201(B); Luv N' Care, 438 F.3d at 469; see also Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999).

 The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant.   Helicopteros

<u>Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 413-14 (1994). That is, a nonresident defendant must have meaningful minimum "contacts, ties, or relations" with the forum state in order for jurisdiction to be constitutional.  See <u>Luv N' Care</u>, 438 F.3d at 469 (citing <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 319 (1945)). The minimum contacts analysis asks whether the nonresident defendant purposefully availed himself of the benefits and protections of the forum.  <u>Wilson v. Belin</u>, 20 F.3d 644, 647 (5th Cir. 1994).

The minimum contacts test takes two forms, and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant.  The plaintiff only urges this Court to exercise specific jurisdiction over the defendants on the basis of their attorney-client relationship with the plaintiff. The Court finds that personal jurisdiction is lacking over the defendants.

II.

Specific jurisdiction exists if the plaintiff shows that the defendants have purposely directed their activities toward the forum state and that its cause of action arises out of or results from the defendants' forum-related contacts.  <u>Luv N' Care</u>, 438 F.3d at 469 (citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985) and <u>Nuovo Pignone v. STORMAN ASIA M/V</u>, 310 F.3d 374 (5th

4

Cir. 2002)) (internal quotation marks omitted).  Once the plaintiff

makes this preliminary showing, personal jurisdiction will lie so

long as maintaining the suit will not "offend traditional notions

of fair play and substantial justice."  <u>Id.</u>

     To establish personal jurisdiction in the context of an

attorney-client relationship, "the bare existence of an

attorney-client relationship is not sufficient."  <u>Trinity Indus.,</u>

<u>Inc. v. Myers & Assocs., Ltd.</u>, 41 F.3d 229, 230 (5th Cir. 1995).

In evaluating personal jurisdiction in this context, the Court

> must consider the particular contacts made
> with the forum state in the context of the
> attorney-client relationship. . . . [T]he
> factors of prior negotiations and contemplated
> future consequences, along with the terms of a
> contract and the parties' actual course of
> dealing, must be evaluated in determining
> whether the defendant purposefully established
> minimum contacts within the forum.  Moreover,
> the unilateral activity of those who claim
> some relationship with a non-resident
> defendant cannot satisfy the requirement of
> contact with the forum state.

<u>We're Talkin' Mardi Gras, LLC v. Davis</u>, 192 F. Supp. 2d 635, 638

(E.D. La. 2002).   Ultimately, the Court may exercise specific

jurisdiction if the defendants' contacts with the forum give rise

to the plaintiff's cause of action.  <u>See</u> <u>Luv N' Care</u>, 428 F.3d at

469.   <u>Compare</u> 192 F. Supp. 2d at 638 (finding no personal

jurisdiction based on contacts with forum because they did not give

rise to the plaintiff's cause of action) <u>with</u> <u>Wien Air Alaska, Inc.</u>

<u>v. Brandt</u>, 195 F.3d 208, 211 (5th Cir. 1999) ("Even if the parties

formed their relationship [outside of the forum], a single act by [the non-resident defendant] directed toward [the forum] that gives rise to a cause of action . . . can support a finding of minimum contacts.").

To illustrate, in Trinity Industries, Inc. v. Myers & Associates, Ltd., 41 F.3d 229 (5th Cir. 1995), the U.S. Court of Appeals for the Fifth Circuit sanctioned personal jurisdiction over an Illinois patent attorney hired in Texas.  The appellate court emphasized that his representation of the plaintiff extended for a period of eight years; required the defendants' representation of the plaintiff in a patent infringement suit in the Northern District of Texas and other appearances in Texas; and regularly required mail and phone calls to Texas.  The attorney billed and received payment from Trinity in Texas.  Because the plaintiff's claim that the defendants counseled its competitor in bringing adverse litigation arose out of these contacts, it was held that personal jurisdiction was proper.

The Fifth Circuit also approved personal jurisdiction over a German defendant in Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208 (5th Cir. 1999).  A Texas plaintiff sued his German attorney for fraud, fraudulent inducement, breach of contract, and breach of fiduciary duties.  Because the attorney sent letters and faxes and made phone calls to Texas which allegedly contained fraudulent misrepresentations, the Fifth Circuit concluded that the plaintiff

had made a prima facie case of personal jurisdiction. <u>Id.</u> at 212. In finding minimum contacts on the basis of the defendant's communications to the forum, the court distinguished between communications which actually give rise to intentional tort claims and communications which "merely solicited business from the forum, negotiated a contract, formed an initial attorney-client relationship, or involved services not alleged to form the basis of the complaint." <u>Id.</u> at 213. Only the former could provide the basis for personal jurisdiction.

In contrast, where Nevada-based attorneys' contacts were limited to sending regular correspondence about a pending lawsuit, including a retainer agreement signed in Louisiana, the Fifth Circuit held that there was no personal jurisdiction in Louisiana for plaintiff's claims of negligent representation in her personal injury case. <u>Thompson v. Cartlidge</u>, No. 97-31304, 1998 WL 648514, at *1 (5th Cir. Sept. 3, 1998). Judge Fallon also declined to exercise personal jurisdiction over a Georgia patent attorney hired by a Louisiana-based plaintiff when all of the attorney's acts in Louisiana—particularly the attorney's communications to the plaintiff in Louisiana—resulted from the "mere fortuity that [the plaintiff] happened to be a resident of Louisiana." <u>Mardi Gras</u>, 192 F. Supp. 2d at 641. The defendants had sent the plaintiff e-mails, faxes, and letters, called the plaintiff, and traveled to Louisiana to inspect records held by a state administrative agency.

III.

Based on the unchallenged facts, the Court finds no basis to exercise specific personal jurisdiction over the defendants.  Aside from mentioning that the plaintiff is a Louisiana-based corporation, plaintiff's complaint alleges no other connection between the claims it asserts against the defendants and the State of Louisiana.   Plaintiff's new assertions in its response memorandum—that defendants represented the plaintiff from 2002 to 2009, received $500,000 in fees from Planet Beach covering bills issued in Louisiana; regularly sent mail; made phone calls; sent e-mails and faxes to Louisiana—also do not establish personal jurisdiction under the Fifth Circuit's precedent.   Even if one assumes that these contacts could provide the threshold "minimum contacts" for jurisdiction, it remains unclear whether they relate to the plaintiff's cause of action.  Plaintiff makes no assertions that these communications perpetuated the defendants' failure to disclose a possible conflict.  It is not even clear whether the defendants communicated to the plaintiff in Louisiana or elsewhere. At best, even plaintiff's unsupported allegations suggest that the defendants' contacts with Louisiana are a mere fortuity of its representation of a Louisiana resident.  In short, the plaintiff has not met its burden to show that it has purposefully availed itself of the benefits and protections of the State of Louisiana.

Finding no basis for personal jurisdiction, the Court GRANTS

the defendants' motion to dismiss without prejudice.[2]

New Orleans, Louisiana, July 28, 2011.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2]   Defendants have opposed plaintiff's application to file
an amended complaint, which may or may not address these
jurisdiction issues.  The Court expresses no opinion about
whether an amended complaint is permissible or whether it cures
jurisdictional defects.