UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PLANET BEACH FRANCHISING CORPORATION | CIVIL ACTION NO. 2:11-CV-00915 CONSOLIDATED WITH 2:11-CV-02146 |
| VERSUS | JUDGE FELDMAN |
| FISHER & ZUCKER, L.L.C., JEFFREY ZUCKER AND LANE FISHER | MAGISTRATE SHUSHAN |

*******************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

SUBMITTED BY:

ALLEN & GOOCH
A Law Corporation

/s/ WILLIAM H. PARKER, III
WILLIAM H. PARKER, III – 10325
DAVID J. AYO - 28868
2000 Kaliste Saloom Rd Suite 400 (70508)
P.O. Box 81129
Lafayette, LA  70598-1129
Phone:  337-291-1270
Fax 337-291-1275
williamparker@allengooch.com
davidayo@allengooch.com
ATTORNEYS FOR DEFENDANTS, FISHER & ZUCKER,
L.L.C., JEFFREY ZUCKER, AND LANE FISHER

# TABLE OF CONTENTS

Page:

Table of Contents ................................................................................... i

Table of Authorities .............................................................................. ii

Introductory Note ................................................................................. 1

Factual Background .............................................................................. 1

Argument ............................................................................................ 3

    I.    This Court lacks personal jurisdiction over Defendants .............................. 3

        A.  This Court's prior ruling is dispositive of the jurisdiction issue ............ 3

        B.  Personal jurisdiction in general .............................................................. 5

        C.  There is no basis for an exercise of general jurisdiction ...................... 7

        D.  There is no basis for an exercise of specific jurisdiction ..................... 8

        E.  Conclusion regarding personal jurisdiction ......................................... 9

    II.   Planet Beach's Complaint fails to state a claim upon
        which relief can be granted ......................................................................... 9

        A.  Applicable law ......................................................................................... 9

        B.  Motion to dismiss standard ................................................................... 10

        C.  Pennsylvania's Rules of Professional Conduct do not provide a
            basis for civil liability .............................................................................. 11

        D.  Planet Beach's claims are untimely under Pennsylvania law ................. 12

        E.  Newly added claim for fraudulent misrepresentation is not
            alleged with particularity ....................................................................... 16

        F.  Planet Beach's Complaint does not allege any loss
            attributable to Defendants ...................................................................... 16

        G.  There is no prohibition against the representation of competitors.......... 18

Conclusion ........................................................................................... 18

Certificate of Service ............................................................................ 19

Exhibit 1 – Lane Fisher Declaration

Exhibit 2 – Jeffrey Zucker Declaration

## <u>TABLE OF AUTHORITIES</u>

Page

Fed. R. Civ. P. 9(b) ......................................................................................  16

Fed. R. Civ. P. 12(b)(2) ................................................................................  1

Fed. R. Civ. P. 12(b)(6) ................................................................................  1

La. C.C. art. 3515 ..........................................................................................  10

La. C.C. art. 3537 ..........................................................................................  10

La. C.C. art. 3542 ..........................................................................................  10

16 James Wm. Moore et al., *Moore's Federal Practice* §108.41[3] (3d ed. 2010) .............  7

18A Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 4436 (2002) ..............................................................................  4

42 Pa. C.S.A. §5524 ......................................................................................  12

Pennsylvania Rules of Professional Conduct, Rules 1.7, 1.8 and 1.9................................  11

*Aquino v. Philadelphia Archdiocese*,
884 A.2d 1269, 1275 (Pa. 2005)....................................................................  13

*Ashcroft v. Iqbal*,
129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................................................ 15, 18

*Astech Int'l, L.L.C. v. Husick*,
676 F. Supp. 2d 389, 400 (E.D. Pa. 2009)........................................................  17

*Baldwin v. Laurel Ford Lincoln-Mercury, Inc.*,
32 F. Supp. 2d 894, 900 (S.D. Miss. 1998) ......................................................  16

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed 2d 1955.......................................... 15, 18

*Boone v. Kurtz*,
617 F.2d 435, 436 (5th Cir. 1980) ................................................................  4

*Commonwealth v. Citizens Alliance for Better Neighbors, Inc.*,
983 A.2d 1274, 1278 (Pa. Commw. Ct. 2009) ..................................................  13

ii

*Cyrio v. Hunt,*
2007 WL 2772222 at *4 (E.D. La.) ............................................................ 11

*Denmark v. Tzimas,*
871 F. Supp. 261, 265-66 (E.D. La. 1994) ................................................. 9

*Ernso v. Weber,*
1999 WL 1201907 at *1 (E.D. La.) ............................................................ 18

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
466 U.S. 408, 414-19, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ..................... 7

*Henry v. Gallop, Johnson & Neuman, L.C.,*
2004 WL 2095608 (E.D. La.) ..................................................................... 10

*Johnston v. Multidata Systems Int'l Corp.,*
523 F.3d 602, 610 (5th Cir. 2008) .............................................................. 7

*Klaxon Co. v. Stentor Electric Mfg. Co.,*
313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941) ............................ 10

*Lyons v. Swift Transp. Co., Inc.,*
2001 WL 1153001 at *2 (E.D. La.) ............................................................ 8

*Perkins v. Benguet Consol. Mining Co.,*
342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952) ....................................... 7

*Pettit v. Smith,*
241 B.R. 847, 850 (E.D. Pa. 1999) ............................................................ 12

*Radman v. Gaujot,*
53 Fed. Appx. 606, 607 (3rd Cir. 2002) ...................................................... 12

*Sanderson v. Spectrum Labs, Inc.,*
227 F. Supp. 2d 1001 ............................................................................. 5

*Schenkel v. Monheit,*
405 A.2d 493, 494 (Pa. 1979) .................................................................. 17

*Sherman Indus., Inc. v. Goldhammer,*
683 F. Supp. 502 (E.D. Pa. 1988) .......................................................... 13, 15

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,*
975 F.2d 1134, 1139 (5th Cir. 1992) ......................................................... 16

*We're Talkin' Mardi Gras, L.L.C. v. Davis,*
192 F. Supp. 2d 635, 637-387 (E.D. La. 2002) .................................................... 6

*Wilson v. Belin,*
20 F.3d 644, 647 (5th Cir. 1994) ....................................................................... 8

MAY IT PLEASE THE COURT:

Defendants, Fisher & Zucker, L.L.C., Jeffrey Zucker, and Lane Fisher, (referred to collectively as "Defendants") submit this memorandum in support of their Motion to Dismiss. The motion is brought under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth herein, the motion to dismiss should be granted and the plaintiff's claims dismissed *again*.

## INTRODUCTORY NOTE

This Court is no doubt aware of this case and has already decided the jurisdictional issue presented herein, having already entertained a substantially similar motion and granting a dismissal. *Planet Beach Franchising Corporation v. Fisher & Zucker, L.L.C., et al*, Docket No. 11-915 (referred to herein as *Planet Beach I*). Planet Beach never bothered to appeal the dismissal in *Planet Beach I* or attempted to amend to cure the jurisdictional defects. Notwithstanding this Court's ruling that it could not exercise personal jurisdiction over Defendants, Planet Beach re-filed its complaint in the same court[1] seeking substantially the same relief.[2] This Court's July 28, 2011 Order is dispositive of the personal jurisdiction issue. Accordingly, and for the reasons set forth below, this Court should invoke the doctrine of collateral estoppel and dismiss Planet Beach's new complaint just as it dismissed the first complaint.

## FACTUAL BACKGROUND

For purposes of background, Plaintiff Planet Beach Franchising Corporation ("Planet Beach") is a tanning salon franchisor. Complaint at ¶ 10. Defendants are a Pennsylvania law firm and two of its founding partners. According to the Complaint, Planet Beach retained

---

[1] The case was originally assigned to Judge Barbier but re-assigned to Judge Feldman under Local Rule 3.1.1 and consolidated with 11-915.

[2] The new complaint purports to include a new cause of action for fraudulent misrepresentation.

Defendants to provide representation relative to its franchise agreements, franchise regulatory matters, and in franchise related litigation. *Id*. at ¶ 12. Defendants' representation began in 2002 and continued until 2008. *See Id*. at ¶ 20 (referring to termination of representation as being before March 31, 2009).[3]  Planet Beach alleges that its principal, Stephen Smith, was in attendance at a trade show in October 2007 where he was allegedly informed by Lane Fisher that Defendants had an interest in a tanning enterprise known as Sunset Tan. *Id*. at ¶ 14. According to Planet Beach, concurrent representation of two entities in the same industry is per se improper and requires the disgorgement of all fees paid, punitive damages, and a "permanent injunction from performing any future legal services for direct competitor Sunset Tan and Defendants should be required to divest their ownership interest in Sunset Tan." *Id*. at Prayer.  Most importantly, Planet Beach does not allege that any services that Defendants performed deviated from the standard of care of a franchise attorney under either Pennsylvania or Louisiana law nor does Planet Beach allege that Defendants used any allegedly confidential or proprietary Planet Beach information for Sunset Tan's benefit and Planet Beach's detriment. In fact, should this matter proceed to the merits, the evidence will show that Planet Beach never disclosed to Defendants information that could be remotely construed as helpful to a competitor.

The essence of Planet Beach's case is that Defendants had an improper conflict of interest in representing it and Sunset Tan. Defendants vehemently deny that they had any conflict of interest in representing two tanning salon enterprises. Such a blithe assertion is no different than insinuating that a Louisiana law firm automatically has an intractable conflict of interest merely because it represents two oil companies or two automobile dealerships. Planet Beach's lack of allegations relative to actual improper actions by Defendants is very telling. As discussed below,

---

[3] Defendants contend that the representation ceased in early 2008.  Regardless, even using March 2009, Planet Beach's claims are untimely as discussed below.

2

this Court cannot exercise personal jurisdiction over Defendants for the same reasons this Court has already stated.  Aside from jurisdiction, Planet Beach's claims are untimely and defective under Pennsylvania law.

## ARGUMENT

### I.   This Court lacks personal jurisdiction over Defendants.

Defendants first contend that the issue of personal jurisdiction was decided in *Planet Beach I* and is binding and controlling under the doctrine of collateral estoppel.  In any event, Defendants alternatively contend that they still do not have sufficient contacts with Louisiana.

### A.   This Court's prior ruling is dispositive of the jurisdiction issue.

By ruling dated July 28, 2011, this Court granted Defendants' Motion to Dismiss, concluding that Defendants did not have sufficient minimum contacts with Louisiana:

> Based on the unchallenged facts, the Court finds no basis to exercise specific personal jurisdiction over the defendants.  Aside from mentioning that the plaintiff is a Louisiana-based corporation, plaintiff's complaint alleges no other connection between the claims it asserts against the defendants and the State of Louisiana.   Plaintiff's new assertions in its response memorandum—that defendants represented the plaintiff from 2002 to 2009, received $500,000 in fees from Planet Beach covering bills issued in Louisiana; regularly sent mail; made phone calls; sent e-mails and faxes to Louisiana—also do not establish personal jurisdiction under the Fifth Circuit's precedent.  Even if one assumes that these contacts could provide the threshold "minimum contacts" for jurisdiction, it remains unclear whether they relate to the plaintiff's cause of action.  Plaintiff makes no assertions that these communications perpetuated the defendants' failure to disclose a possible conflict.  It is not even clear whether the defendants communicated to the plaintiff in Louisiana or elsewhere.  At best, even plaintiff's unsupported allegations suggest that the defendants' contacts with Louisiana are a mere fortuity of its representation of a Louisiana resident.  In short, the plaintiff has not met its burden to show that it has purposefully availed itself of the benefits and protections of the State of Louisiana.

(Order & Reasons at 8, Doc. #31).  Instead of (1) filing suit in Pennsylvania, (2) appealing this Court's ruling, or (3) attempting to amend to cure the jurisdictional defects, Planet Beach merely superficially revised its original complaint and **re-filed it in the same court**.

3

Defendants submit that the issue of personal jurisdiction has been determined and settled and that Planet Beach's new complaint must meet the same fate as its first complaint. Courts recognize that jurisdictional dismissals are entitled to collateral estoppel effect. *See Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) ("Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims."). *See generally* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4436 (2002) ("Personal jurisdiction is treated like subject-matter jurisdiction. Dismissal for want of personal jurisdiction precludes relitigation of the same issue of jurisdiction, but does not preclude issues not decided and does not preclude a second action on the same claim in a court that can establish personal jurisdiction."). The Northern District of Indiana summarized the application of collateral estoppel in the context of a previous finding that personal jurisdiction could not be exercised:

> "A fundamental precept of common law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies. . . .'" *Montana v. United States*, 440 U.S. 147, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979). Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. Precluding parties from contesting matters that they have had a full and fair opportunity to litigate "protects their adversaries from the expense and vexation of attending multiple lawsuits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 99 S. Ct. at 973.
>
> **Clearly, collateral estoppel applies to personal jurisdiction rulings. While the issue usually arises in the context of a ruling that collateral estoppels applies to a prior determination by a state court that it lacks personal jurisdiction, it would apply equally to a federal court's own ruling that it lacks personal jurisdiction.** "[I]f a defendant appears to challenge

4

> personal jurisdiction and loses, disposition of a challenge is directly binding as a matter of res judicata. . . .  The same principle means that a ruling against personal jurisdiction is also binding by way of issue preclusion so long as the same legal standards apply to basically unchanged facts."  18 Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure*, 4430 (1981).

*Sanderson v. Spectrum Labs, Inc.*, 227 F. Supp. 2d 1001, 1005 (emphasis added).

Here, any allegations that Planet Beach could have leveled against Defendants were—or should have been—alleged in *Planet Beach I*.  Defendants submitted declarations attesting to their lack of contacts with Louisiana but Planet Beach submitted no counter affidavits or declarations in response, which was presumably the basis for this Court's references in its Order & Reasons that the facts were unchallenged.  (*See* Order & Reasons at 8).  There was no change in facts between the July 28 dismissal in *Planet Beach I* and August 26 filing of the new complaint such that the analysis would be different.  It must be noted that Planet Beach re-filed its complaint within the appeal delays from this Court's original dismissal, so the only plausible conclusion that can be drawn is that Planet Beach attempted to obtain a different judge to entertain its claim rather than attempt to challenge this Court's dismissal or file suit in Pennsylvania. Planet Beach had every opportunity in *Planet Beach I* to put on facts indicative of personal jurisdiction but failed to do so (and apparently does not dispute that ruling as it was never appealed).  Under no circumstance should Planet Beach be allowed a second bite at the apple.  To conclude otherwise would be to be to condone harassment and waste of judicial resources.

### B.  Personal jurisdiction in general.

The jurisprudence pertaining to personal jurisdiction is well settled.  Judge Fallon summarized the two forms of personal jurisdiction in an action alleging legal malpractice:

> The court's jurisdiction may be either specific of general.  When an action "arises out of" a defendant's contact with the forum, a "relationship among the

defendant, the forum, and the litigation" is the essential foundation of in personam jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).  This type of jurisdiction, in which the suit arises out of or is related to the defendant's contacts with the forum, is commonly referred to as "specific jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).  Additionally, there may be instances "in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against [a foreign defendant] on causes of action arising from dealings entirely distinct from those activities." International Shoe, 326 U.S. at 318, 66 S. Ct. 154.  When this situation prevails, the court is said to have "general jurisdiction." *Helicopteros*, 466 U.S. at 414 n.9, 104 S. Ct. 1868.  Defendants can only be subject to general in personal jurisdiction if they have "continuous and systematic" contacts with the forum state. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445, 72 S. Ct. 413, 96 L. Ed. 2d 485 (1952).

In determining either specific or general jurisdiction, the existence of a contractual relationship, although relevant, does not automatically establish sufficient minimum contacts. *Burger King*, 471 U.S. at 478, 105 S. Ct. 2174.  A contract is merely an intermediate step serving to tie up prior consequences which themselves are the real object of the business transaction. *Id*.  A corollary to this rule has been recognized by the Fifth Circuit in the context of the attorney-client relationship.  In *Trinity Industries, Inc. v. Myers & Associates, Ltd.*, 41 F.3d 229, 230 (5th Cir. 1995), the court stated that "the bare existence of an attorney-client relationship is not sufficient" to establish jurisdiction over a party.  Instead, the court must consider the particular contacts made with the forum state in the context of the attorney-client relationship.  In other words, the facts of prior negotiations and contemplated future consequences, along with the terms of a contract and the parties' actual course of dealing, must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum. *Id*.  Moreover, the unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 1283 (1958).

*We're Talkin' Mardi Gras, L.L.C. v. Davis*, 192 F. Supp. 2d 635, 637-387 (E.D. La. 2002).[4]

With these standards in mind, both general jurisdiction and specific jurisdiction are lacking in this case.

---

[4] Louisiana's long arm statute, La. R.S. 13:3201, extends to the limits of due process so, in the interest of brevity, a discussion of personal jurisdiction in its most general sense is omitted.

**C.  There is no basis for an exercise of general jurisdiction.**

Federal courts are reluctant to assert general personal jurisdiction.  According to the academic commentary, the Supreme Court has upheld general jurisdiction only once in *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952).  16 James Wm. Moore et al., *Moore's Federal Practice* §108.41[3] (3d ed. 2010).  General jurisdiction exists only when a non-resident defendant's contacts with the forum state are substantial, continuous and systematic.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).  According to the Fifth Circuit:

> The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."  *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted).  "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction. . . ."  *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (citations omitted).  "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction."  *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007).

*Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008).  The *Johnston* court then went on to find it "worthwhile to review past cases to illustrate just how difficult it is to establish general jurisdiction."  *Id*.

If the defendant's contacts in *Helicopteros* did not support general jurisdiction, Defendants' contacts here surely do not.  In that case, the defendant's Texas contacts over six years included purchasing helicopters for over $4 million from a company in Texas, sending pilots to Texas for training, sending personnel to Texas for consultations, and receiving a $5 million check drawn from a Texas bank.  The Supreme Court held that those contacts were not substantial enough.  Here, Jeffrey Zucker traveled to Louisiana for Planet Beach business on five occasions from 2005 through 2008.  (Jeffrey Zucker Declaration at ¶ 15, Exhibit 2), and Lane

Fisher traveled to Louisiana on approximately five occasions in the last ten years for matters unrelated to Planet Beach.  (Lane Fisher Declaration at ¶ 11, Exhibit 1).  Apart from that, Defendants have never maintained an office in Louisiana (Exhibit 1 at ¶ 3; Exhibit 2 at ¶ 3), maintained no registered agent in Louisiana (Exhibit 1 at ¶ 4; Exhibit 2 at ¶ 4), and transacted no business and represented no other clients in Louisiana during the representation of Planet Beach (Exhibit 1 at ¶ 14; Exhibit 2 at ¶ 14).  These sporadic contacts were not such that Defendants reasonably expected to be haled into court in Louisiana when by far the vast majority of Defendants' work for Planet Beach was performed in their offices in Pennsylvania. Defendants have no business presence in Louisiana.  This Court correctly held that there was no basis for general jurisdiction here and Planet Beach never contended as much.

### D.  There is no basis for an exercise of specific jurisdiction.

In determining whether specific jurisdiction exists, the cause of action must arise out of the non-resident defendant's activities within the forum state.  *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) ("Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action."); *Lyons v. Swift Transp. Co., Inc.*, 2001 WL 1153001 at *2 (E.D. La.) ("In order to determine whether defendant purposefully availed himself of the privilege of conducting activities within this forum, the Court must consider factors such as the quality, nature and extent of defendant's activities in this forum, and the relationship between the cause of action and the contact.")  Defendants' attenuated contacts with Louisiana have no relation to Planet Beach's claims *and the revised allegations[5] in the new complaint do not change the analysis*.  Planet Beach does not allege a legal malpractice claim in the usual sense because there is no allegation that Defendants' services

---

[5] In fact, numerous allegations were restated but with added mentions such as "in communications to, from and within Louisiana. . . ."  *See* New Complaint at ¶¶ 21, 24, 26, 27, 29, 30, 31.

deviated from any standard of care and caused damage.  Rather, Planet Beach's claim is that it is entitled to a return of all it fees paid because Defendants were operating under some sort of unsubstantiated, unexpressed conflict of interest.  Even assuming, *arguendo*, that Defendants in fact had a conflict of interest as a result of their concurrent representation, this conflict had nothing to do with Louisiana.  In *Denmark v. Tzimas*, 871 F. Supp. 261, 265-66 (E.D. La. 1994), this Court answered the question on purposeful availment with the following answer:  "The answer is defined by what seems reasonable:  The defendant's conduct and nexus with the forum state must be such that one should reasonably foresee being subject to suit in the forum state, as when one's conduct outside the state bears predictable consequences within the state." (citation omitted).  The only reasonable answer here is that Defendants, as Pennsylvania attorneys, could not reasonably be expected to be sued in Louisiana.

### E.  Conclusion regarding personal jurisdiction.

Just like in *Planet Beach I*, there is clearly no basis for this Court to exercise general jurisdiction over Defendants.  As for specific jurisdiction, a consideration of the relationship among the Defendants (Pennsylvania citizens), the forum (Louisiana), and the litigation (claims likely arising solely under Pennsylvania law that have nothing to do with any act, omission or activity in Louisiana), demonstrates again that this Court cannot exercise specific jurisdiction.  In any event, this Court's previous ruling has obtained collateral estoppel effect.  For these reasons, Defendants request that their Motion to Dismiss be granted for lack of personal jurisdiction.

## II.  Planet Beach's Complaint fails to state a claim upon which relief can be granted.

### A.  Applicable law.

The Complaint alleges that this matter is governed by Pennsylvania law.  Complaint at ¶5.  As this Court no doubt knows, in a diversity case, a district court applies the conflicts of

laws principles of the forum state.  *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941).  Planet Beach alleges that La. C.C. art. 3515 is triggered and that Pennsylvania law applies.  Complaint at ¶ 5.  In addition to La. C.C. art. 3515, other provisions of the Civil Code may be applicable to a choice of law analysis  *See, e.g.,* La. C.C. art. 3537 (providing choice of law rules for conventional obligations); La. C.C. art. 3542 (providing choice of law rules for delictual and quasi-delictual obligations).   For purposes of this motion, Defendants will assume, *arguendo*, that Pennsylvania substantive law applies.   A consideration of these factors is telling in the utter lack of connection of the causes of action to Louisiana.  *See generally Henry v. Gallop, Johnson & Neuman, L.C.*, 2004 WL 2095608 (E.D. La.) (referring to allegation that "Missouri law is clearly the only choice of law relevant to this case" in context of discussion of personal jurisdiction).

### B.  Motion to dismiss standard.

As this Court knows, the Supreme Court has revised the standard for passing on motions to dismiss.  This Court has distilled that new standard as follows:

> In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 2007 WL 2200004 at * 10 (5th Cir. Aug. 2, 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact) ." *Id.*, 127 S. Ct. at 1965 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Id.*, 127 S. Ct. at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).
> In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint.

However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000)).

*Cyrio v. Hunt*, 2007 WL 2772222 at *4 (E.D. La.).

### C. Pennsylvania's Rules of Professional Conduct do not provide a basis for civil liability.

Count One alleges that Defendants violated Rules 1.7, 1.8 and 1.9 of the Pennsylvania Rules of Professional Conduct. While Planet Beach invokes Pennsylvania law, it fails to acknowledge that the Pennsylvania Supreme Court expressly prohibits the invocation of the Rules of Professional Conduct as a basis for civil liability. Paragraph 19 of the Preamble and Scope of the Rules of Professional Conduct states as much:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. **They are not designed to be a basis for civil liability.** Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra disciplinary consequences of violating such a duty.

(emphasis added). To the extent Planet Beach contends that Defendants are liable to it for some alleged violation of a Pennsylvania ethical rule, this is improper as a matter of Pennsylvania law. What is most striking about this cause of action is that Planet Beach is seeking to have a Louisiana court effectively regulate the practice of law of Pennsylvania attorneys for alleged

violations that have no connection to Louisiana.  This is improper.  If Planet Beach's allegations are actionable, they are under the rubric of legal malpractice or breach of fiduciary duty and not the Pennsylvania ethics rules.

### D.  Planet Beach's claims are untimely under Pennsylvania law.

Count One alleges that Defendants violated the Pennsylvania Rules of Professional Conduct.  Count Two alleges "legal malpractice and breach of contract."  No matter how Planet Beach captions its claims, they are untimely.  Defendants address the timeliness of these claims but first preface that discussion with an express denial of those claims.

With respect to the violation of the Pennsylvania Rules of Professional Conduct, it is impossible to provide an applicable limitations period when the substantive law does not recognize such a cause of action.  To the extent Planet Beach is contending that Defendants had an actionable conflict of interest, it would fall under the definition of a claim for legal malpractice in tort.

A claim for legal malpractice under Pennsylvania law is subject to a two-year statute of limitations.[6]  42 Pa. C.S.A. §5524.  *See also Radman v. Gaujot*, 53 Fed. Appx. 606, 607 (3rd Cir. 2002) ("The statute of limitations for legal malpractice in tort is 2 years."); *Pettit v. Smith*, 241 B.R. 847, 850 (E.D. Pa. 1999) ("In Pennsylvania, a two-year period of limitations governs legal malpractice actions based in tort and thus a plaintiff has two years from the time a malpractice cause of action accrues in which to bring suit.").  The same limitations period applies to actions

---

[6] A preliminary issue is whether Pennsylvania's or Louisiana's limitations period would apply.  Under La. C.C. art. 3549(B), when the substantive law of another state would apply to the merits of an action, Louisiana's prescription and peremption laws apply except:  "(1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred by the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by compelling considerations of remedial justice."  Planet Beach alleges in Paragraph 14 that its principal learned of Defendants' representation of Sunset Tan in October 2007.  Since Planet Beach is alleging that Defendants had a conflict of interest, Planet Beach was aware of this as of October 2007—as Planet Beach itself alleged—so the claim would be prescribed under La. C.C. art. 3492.  La. R.S. 9:5605, which provides the limitations period for legal malpractice actions, would not apply to Defendants since they are not admitted to practice law in Louisiana.

for breach of fiduciary duty. *Aquino v. Philadelphia Archdiocese*, 884 A.2d 1269, 1275 (Pa. 2005) (noting that breach of fiduciary duty claim was subject to two-year statute); *Commonwealth v. Citizens Alliance for Better Neighbors, Inc.*, 983 A.2d 1274, 1278 (Pa. Commw. Ct. 2009) ("Fumo is correct that a claim for breach of fiduciary duty is subject to a two-year statute of limitations."). Thus, if Planet Beach's cause of action can be defined as legal malpractice and/or breach of fiduciary duty, it is untimely. The Complaint clearly alleges in Paragraph 14 that Planet Beach's principal learned of Defendants' representation of Sunset Tan in October 2007 yet Planet Beach did not file suit until April 19, 2011.

However, Planet Beach also suggests that its cause of action sounds in breach of contract. *See* Complaint at ¶¶ 29-30. Yet, weaved within the reference to breach of contract are allegations of Defendants' alleged breach of the Pennsylvania Rules of Professional Conduct. A discussion of Pennsylvania law as it relates to the distinction between legal malpractice claims sounding in tort versus those sounding in contract is thus necessary since a plaintiff can always defeat a timeliness argument under the two-year statute by simply alleging that its claim sounds in breach of contract.[7]

This tension was addressed in *Sherman Indus., Inc. v. Goldhammer*, 683 F. Supp. 502 (E.D. Pa. 1988). In that case, plaintiff Sherman Industries hired attorney Goldhammer to investigate a possible patent infringement and advise Sherman about the risks in developing its product, a bag blower for use in car washes. Goldhammer advised Sherman that Proto-Vest's patent was invalid and that Sherman did not have to modify its model for the bag blower. Goldhammer filed suit for declaratory judgment on Sherman's behalf against Proto-Vest to declare Proto-Vest's patent invalid but was met with a counterclaim for patent infringement.

---

[7] In Pennsylvania, an action for breach of contract is subject to a four-year statute of limitation. *See* 42 Pa. C.S.A. § 5525.

After the trial court found that Sherman had violated Proto-Vest's patent, Goldhammer advised Sherman that it could have to pay royalties and lost profits.  Unbeknownst to Sherman and Goldhammer, Sherman was actually liable for Proto-Vest's lost gross profits which were substantially more than the anticipated damages for lost net profits.

After Sherman settled with Proto-Vest for $1,375,000, it filed suit against Goldhammer alleging claims under both contract and tort theories.  Sherman also cited Goldhammer's professional obligation to exercise due care.  Before concluding that Sherman's claims sounded in tort and not contract and where time barred as a result, it provided the following discussion of Pennsylvania law on the classification of a legal malpractice claim as arising in tort or contract:

> A plaintiff may combine tort and contract claims in one malpractice complaint, as Sherman has done in this case, by asserting that defendants have breached both **specific contractual terms** and a general lawyers' duty of care. *See Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744, 748 (1983).
>
> One important limitation on pleading malpractice claims in Pennsylvania under a contract theory, however, is that a malpractice plaintiff may not sidestep the two-year limitation on tort actions by pleading tort claims as breaches of contract.  *See Stetson v. Carty*, Civil Action No. 83-6071 (E.D. Pa. July 18, 1984), aff'd, 760 F.2d 261 (3d Cir. 1985).  As Chief Judge Fullam explained in *Stetson*, if allegations of a contractual relationship between plaintiff and defendants, and of an express or implied term of the contract establishing an obligation to exercise reasonable care, were to suffice to state a breach-of-contract malpractice case, "the two year limitations statute for tort actions would be a dead letter in. . .malpractice cases." *Id.*, slip op. at 3.
>
> In sum, to sustain a claim of tortious malpractice, plaintiff must raise an issue whether defendants failed to exercise the standard of care that a reasonable attorney would exercise under the circumstances.  *Trice v. Mozenter*, 356 Pa. Super 510, 515 A.2d 10, 13 (1986).  **To sustain a claim of legal malpractice that arises from a breach of contract, a plaintiff must show that there was a contract, and "that the defendant breached a *specific* provision thereof."** *Lactaid v. Youtie*, Civil Action No. 85-6751 (E.D. Pa. March 18, 1986) [Available on WESTLAW, 1986 WL 3587], aff'd 806 F.2d 253 (3d Cir. 1986) (emphasis in original).  Thus, in order to distinguish a contract malpractice claim from a tort claim, the plaintiff claiming under a contract theory must raise an issue as to whether it specifically instructed the defendant to perform a task that the defendant failed to perform, or as to whether the defendant made a specific promise upon which plaintiff reasonably relied to his detriment.

14

683 F. Supp. at 506 (boldface added & bracketed material in original).  Planet Beach does not allege that Defendants breached any specific provision of any contract.  The Supreme Court's holdings in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed 2d 1955, require this level of detail in pleading a complaint.  This is not to say by any means that Defendants did not owe Planet Beach obligations but rather means that the alleged conflict of interest under which Defendants were supposedly operating was not in violation of any specific contractual provision.  Instead, as Planet Beach alleged in Count One of its Complaint, Defendants, as Pennsylvania attorneys, were subject to the provisions of the Pennsylvania Rules of Professional Conduct.  In effect, Planet Beach wants this Court to sit as a proxy of the Pennsylvania Supreme Court and Pennsylvania Office of Disciplinary Counsel to regulate the practice of law of Pennsylvania attorneys.  This is not actionable as discussed above but, at a minimum, it surely is not actionable as a breach of contract.

Planet Beach has labeled Count Two "Breach of Contract" but has not pled any facts which would support a claim for breach of contract.  As the Supreme Court explained in *Twombly*, a claim must be pled with facial plausibility, meaning that the plaintiff has pleaded factual content that will permit the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  Planet Beach has failed to plead its breach of contract claim with facial plausibility.  It has not alleged any factual content that would allow this court to draw a reasonable inference that the Defendants are liable for breach of contract.  Accordingly, and consistent with the Supreme Court's holdings in *Ashcroft* and *Twombly*, this Court should dismiss the Complaint.

### E. Newly added claim for fraudulent misrepresentation is not alleged with particularity.

The new complaint adds a claim for fraudulent misrepresentation. (Count III, ¶¶47-52). A cursory reading of these allegations demonstrates that no factual bases are alleged, just vague and conclusory allegations that "Defendants made to Planet Beach knowing and intentional affirmative misrepresentations and omissions of information they were requires to disclose to Planet Beach." (Complaint at ¶48). Under Fed. R. Civ. P. 9(b), claims sounding in fraud must be stated with particularity. In *Baldwin v. Laurel Ford Lincoln-Mercury, Inc.*, 32 F. Supp. 2d 894, 900 (S.D. Miss. 1998), the Southern District of Mississippi noted, "At a minimum, Rule 9(b) requires particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Planet Beach's allegations against Defendants do not remotely satisfy the pleading requirements. There are no mentions of time, place, contents and identity much less particulars of time, place, contents and identity. Defendants cannot appropriately respond to such vague and innocuous assertions. This cause of action should be dismissed.

### F. Planet Beach's Complaint does not allege any loss attributable to Defendants.

In the event the Court concludes that Planet Beach's claim is timely, it is defective on its merits. A Pennsylvania federal court has distilled Pennsylvania law as it relates to a plaintiff's burden of proof in a legal malpractice claim, be it under either a tort theory or a breach of contract theory:

> Pennsylvania courts have held that legal malpractice actions sound in tort and in contract. *Wachovia Bank*, 935 A.2d at 570. A plaintiff may properly bring both claims at the same time. *Gorski*, 812 A.2d at 693-94. To state a legal malpractice claim under a negligence theory, the plaintiff bears the burden of proving: "(1) employment of the attorney or other basis for a duty; (2) failure of

16

the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff." Id. at 570-71 (citing Bailey, 621 A.2d at 112). Where a plaintiff pursues a legal malpractice claim under a breach of contract theory, the plaintiff bears the burden of proving: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). **An essential element of a claim pursued under either theory is "proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm."** *Kituskie v. Corbman*, 552 Pa. 275, 714 A.2d 1027, 1030 (1998); *Duke & Co. v. Anderson*, 275 Pa. Super. 65, 418 A.2d 613, 617 (1980) ("[w]e therefore conclude that when it is alleged that an attorney has breached his professional obligation to his client, an essential element of the case of action, whether the action be denominated in assumpsit or trespass, is proof of actual loss."). As with all essential elements of a claim, the plaintiff bears the burden of proving actual loss. Id.

*Astech Int'l, L.L.C. v. Husick*, 676 F. Supp. 2d 389, 400 (E.D. Pa. 2009) (emphasis added). Here, Planet Beach is seeking a disgorgement of all fees it paid to Defendants, punitive damages, and a "permanent injunction from performing any future legal services for direct competitor Sunset Tan and Defendants should be required to divest their ownership interest in Sunset Tan." Complaint at Prayer. These claims do not sound in actual loss arising from some act or omission by Defendants. *See generally Schenkel v. Monheit*, 405 A.2d 493, 494 (Pa. 1979) ("Proof of damages is as crucial to a professional negligence action for legal malpractice as is proof of the negligence itself."). If Planet Beach's claim is in tort, where is the failure to exercise ordinary skill and knowledge that proximately resulted in damage? If Planet Beach's claim is in contract, what essential term was breached that resulted in damages? The only plausible characterization of Planet Beach's claim—which is made evident given the damages prayed for—is that Planet Beach wants this Court to regulate the practice of Pennsylvania attorneys and enter purely equitable relief. Planet Beach did not sustain an "actual loss" because it reaped the benefits of Defendants' services, apparently to Planet Beach's satisfaction.

### G.  There is no prohibition against the representation of competitors.

Planet Beach suggests that a firm has an automatic conflict of interest any time it represents two clients who happen to be in the same industry.  If such is the case, firms would be incredibly selective of their clients (not to mention attorneys) because committing to one client, say, for example, Chrysler, would as a matter of law preclude that firm from representing Ford or General Motors merely because they are in the same industry.   There is no such blanket prohibition.  There is a prohibition, however, against a firm divulging privileged and confidential information of one client to another client or anyone for that matter.  Planet Beach does not allege and cannot allege that Defendants divulged its confidential information to Sunset Tan or anyone.  Conclusory allegations unsupported by facts cannot survive a motion to dismiss.  *Ernso v. Weber*, 1999 WL 1201907 at *1 (E.D. La.).  The extent of Planet Beach's allegations is that Defendants' relationship with Sunset Tan automatically renders Defendants liable for repayment of all fees paid to Defendants (including fees earned and paid before Defendants ever undertook to represent Sunset Tan).   In the absence of factual allegations that Defendants provided confidential Planet Beach information to Sunset Tan which resulted in Planet Beach being damaged as a result as required by the Supreme Court in *Ashcroft* and *Twombly*, Planet Beach's claim must be dismissed.

### CONCLUSION

For the reasons set forth above and based on this Court's reasons in its Order & Reasons originally granting this motion, this Court cannot exercise personal jurisdiction over Defendants and Planet Beach's Complaint fails to state claims for which relief can be granted.  Defendants Fisher & Zucker, L.L.C., Lane Fisher, and Jeffrey Zucker respectfully request that their Motion to Dismiss be granted and all claims of Planet Beach Franchising Corporation be dismissed

without prejudice for lack of personal jurisdiction or alternatively with prejudice for failure to state a claim.

Respectfully submitted,
ALLEN & GOOCH
A Law Corporation

/s/ WILLIAM H. PARKER, III
WILLIAM H. PARKER, III – 10325
DAVID J. AYO - 28868
2000 Kaliste Saloom Rd Suite 400 (70508)
P.O. Box 81129
Lafayette, LA  70598-1129
Phone:  337-291-1270 - Fax 337-291-1275
williamparker@allengooch.com
davidayo@allengooch.com
ATTORNEYS FOR DEFENDANTS, FISHER & ZUCKER,
L.L.C., JEFFREY ZUCKER, AND LANE FISHER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Michelle C. Purchner and Jonathon B. Andry by operation of the Court's electronic filing system.

Lafayette, Louisiana, this  12th  day of October, 2011.

/s/ WILLIAM H. PARKER, III