```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA
```

PLANET BEACH FRANCHISING                       CIVIL ACTION
CORP.

VERSUS                                         NO. 11-915

FISHER & ZUCKER L.L.C.,                        SECTION "F"
ET AL

                         ORDER & REASONS

Before the Court is Fisher & Zucker's motion to dismiss complaint for lack of personal jurisdiction. For the reasons that follow, the motion is GRANTED. This is the second time the same issue is presented to this Court.[1]

                          I. Background

This case arises out of the plaintiff Planet Beach Franchising Corporation's claims against its former attorneys. The plaintiff is a Louisiana-based franchisor of tanning salons. The company retained Fisher & Zucker LLP, a Pennsylvania law firm, and its partners, Jeffrey Fisher and Lane Zucker, also Pennsylvania residents, to represent the company in franchise agreements, franchise regulatory matters, and other franchise-related matters. The defendants represented the plaintiff from 2002 to 2008 or 2009.

At some point in the relationship, the plaintiff saw Fisher

---

[1] Counsel are encouraged to become familiar with the instructions of 28 U.S.C. Section 1927.

1

at a trade show and learned that all or some of the defendants were representing and had an ownership interest in the plaintiff's competitor Sunset Tan.  After discovering this alleged conflict of interest, the plaintiff claims that it repeatedly asked the defendants by phone and e-mail why they had not revealed the firm's relationship with Sunset Tan.  The defendants apparently replied they were under no obligation to do so.[2]

    The plaintiff has sued the defendants for violations of Pennsylvania's Rules of Professional Conduct and for legal malpractice and breach of contract, complaining that the defendants improperly acquired an ownership interest in a competitor and represented plaintiff's competitor without fully disclosing the possible conflict.  The plaintiff seeks disgorgement of all fees paid, punitive damages, a permanent injunction against defendants from performing any future legal services for Sunset Tan, and the defendants' divestment of their ownership interest in Sunset Tan.

    The defendants originally moved to dismiss for lack of personal jurisdiction, which the Court granted by Order and

---

[2] The plaintiff's complaint provides no other information. In its motion, the plaintiff asserts that the defendants' representation regularly required mail, phone calls, e-mails, and faxes to Louisiana, that Zucker and Fisher regularly appeared in Louisiana; and that the defendants billed the plaintiff in Louisiana and received payment from Louisiana.

Reasons dated July 28, 2011. The plaintiff then filed a second complaint with this Court, which the defendants once again move to dismiss for lack of personal jurisdiction.

## II. Discussion

The Court continues to lack personal jurisdiction over the defendants for the reasons expressed in its July 28, 2011 Order and Reasons. Plaintiff's new complaint does not allege facts that change the Court's prior analysis of the personal jurisdiction question and plaintiff's new complaint still does not establish or enlighten how the defendants' conduct in Louisiana is related to the plaintiff's claims.

According, IT IS ORDERED: the defendants' motion to dismiss is GRANTED.

New Orleans, Louisiana, November 21, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE